## CHARLES LINEHAN vs. CITY OF CAMBRIDGE.

The Gen. Sts. *c.* 129, § 50, authorizing the interrogating of officers of a corporation which is party to a suit, do not apply to municipal corporations.

CONTRACT for work done and materials furnished in building a sewer for the defendants. The plaintiff filed interrogatories to the engineer and the clerk of the defendant city, which they refused to answer; and he then moved for a default to be entered against the defendants for the reason of said refusal. The motion was heard by *Wells*, J., and reserved for the decision of the full court.

*G. A. Somerby & T. S. Dame*, for the plaintiff.

*T. H. Sweetser & W. S. Gardner*, for the defendants.

COLT, J. The right to interrogate the adverse party in an action at law was first given by the practice act of 1851, *c.* 233. The act of 1852, *c.* 312, contained an additional provision that where the party is a corporation " the opposite party may examine the president, treasurer, clerk or any director or other officer " of the corporation in the same manner as if he was a party to the suit. See Gen. Sts. *c.* 129, § 50.

This suit is against a city, and the city clerk and the city engineer refuse to answer interrogatories propounded to them as officers of the city, upon the ground that towns and cities are not the corporations intended by the statute; and, in the opinion of the court, the position is well taken.

It is true that all cities and towns must possess for the discharge of municipal duties certain limited corporate powers, coextensive with the duties imposed. But the main purpose of their organization is political, and that organization always embraces

the inhabitants who for the time may be within the territorial limits into which the legislature, according to its own views of public convenience, may have divided the Commonwealth.  The inhabitants do not, like the members of a private corporation, derive private or personal rights under the act of incorporation, the sole office and object of which is to regulate the manner of performing public and political duties.  While exercising corporate powers to the extent indicated, they yet differ distinctively and widely from private and moneyed corporations, both in organization, government and mode of action.  *Rumford School District* v. *Wood,* 13 Mass. 192.  In common parlance, towns, cities and other municipal organizations are not known as corporations ; they are spoken of not uncommonly by text writers in the law as *quasi* corporations.  The statutes of the Commonwealth which relate to them, with their numerous provisions, are collected and classified by themselves, and they are not usually denominated corporations ; while the chapter entitled " Of the powers, duties and liabilities of corporations," (Gen. Sts. *c.* 68,) contains no reference to towns and cities, but is devoted to the regulation of private and moneyed corporations.  It is to be presumed that the legislature, in view of the considerations above suggested, relating to the substantial differences between these two kinds of corporations, the popular use of the word " corporation " and its ordinary use in the statutes of this Commonwealth, would have employed other or additional words if it was intended by the section in question to include the former in its provisions.  It is to be noticed also that the officers who are specifically named in its provisions, namely, president, treasurer, clerk and director, are the usual officers of private corporations, while some of them at least are not the proper officers of cities and towns.  This construction is aided by the consideration that the same necessity for a discovery of the records and acts of a private corporation cannot exist as to public and municipal corporations.  The records and files of the former are not open to the inspection of a stranger ; but, by express statute, the records and files of the latter are declared to be open for public inspection and examination, and for any person to take copies thereof.  Gen. Sts. *c.* 29, § 10.

The plaintiff is not entitled to the discovery he seeks from the officers of the city, and his motion for a default upon their refusal to answer is                                    *Denied.*