THE CITY OF WEBSTER GROVES, a Municipal Corporation, Appellant, v. FORREST SMITH, State Auditor.—102 S. W. (2d) 618.

Division One, March 17, 1937.

*John A. Nolan,* for appellant; *J. C. Hoester, Jr.,* and *John G. Burkhardt,* of counsel.

*Roy McKittrick*, Attorney General, and *Olliver W. Nolen*, Assistant Attorney General, for respondent.

FERGUSON, C.—The Fifty-seventh General Assembly in Extra Session, passed an act imposing an excise tax upon the privilege of engaging in the business of selling tangible personal property at retail and upon the privilege of engaging in the business of selling certain services. [Laws, Ex. Sess., 1933-34, pp. 155-166.] The act was repealed by the Fifty-eighth General Assembly. [Laws 1935, p. 411.] The plaintiff is a municipal corporation and owns and operates a system for the distribution and sale of water to consumers within the city. During the effective period of the act and prior to the filing of this suit plaintiff upon demand of the State Auditor, but, it alleges, under protest, paid the tax imposed by the act upon the privilege of engaging in the business of selling water service, the total amount paid to the State Auditor admittedly being $173.80.

Alleging; among other things, that the act "is not applicable to" it "as a municipal corporation" plaintiff by this suit sought to enjoin the State Auditor from paying the said sum of $173.80 to the State Treasurer and prays that "he be directed to repay said sum to plaintiff" and that the State Auditor be enjoined "from . . . attempting to collect" any further sums from plaintiff by virtue of said act. The circuit court found against plaintiff and it has appealed from that judgment.

To develop the basis of plaintiff's contention that the act does not apply to a municipality engaged in selling public utility service it will be necessary to refer to certain provisions thereof. Section 2A, page 157, provides (italics ours), *"For the privilege of a person engaging in the business* of rendering the services, furnishing or selling the substances and things hereinafter in this section designated or defined, a tax is hereby *imposed upon such person* at the rate of one-half of one per cent of the gross receipts *of any such person* from the sale . . . or the furnishing of the services, substances and things hereinafter in this section designated or defined, sold . . . or furnished in this state. . . . The tax imposed by this section as to the sale of services, substances and things shall apply to the businesses of: (a) . . . (b) sales of electricity or electrical current, water, sewer service, gas (natural or artificial), to domestic, commercial or industrial consumers." Thus it will be noted the tax is imposed upon a person "for the privilege" of such person "engaging" in the kind of business designated. "Person" as used in the act is defined in Section 1 thereof (p. 156) as follows: "The following words, terms and phrases when used in this act have the meanings ascribed to them in this section, except where the context clearly indicates a different meaning: (a) 'Person' includes any individual, firm, copartnership, joint adventure, association, corporation, estate, trust, business trust, receiver, syndicate or any other group or combination acting as a unit, and the plural as well as the singular number." The plaintiff-appellant contends that it does not come within this definition, that, within the meaning of the act, it is not a person upon whom the tax is imposed and that the act does not apply to a municipality. The State Auditor takes the position that the word "corporation" as used in the foregoing definition should be taken and construed to include a municipality, it being a municipal corporation.

In definition and legal classification and terminology a well-settled distinction exists, and is recognized generally, between a "corporation" and a "municipal corporation." Each term has a distinct and commonly accepted meaning. As illustrative reference may be had to our statutes. The numerous statutory provisions relating to the organization, powers, etc., of municipalities are collected and classified under the designation "Municipal Corporations" (see for example Chap. 38, R. S. 1929). Municipalities are variously referred to in

our Constitution as cities or towns and municipal corporations. "In common parlance, towns, cities and other municipal organizations are not known as corporations." [Linehan v. City of Cambridge, 109 Mass. 212.] Reverting to statutory language in this State the term "corporation" is used and refers to private and business corporations and the statutes relating to such corporations are assembled under the designation or classification of "corporations." [See for example Chap. 32, R. S. 1929.] Likewise where the term "corporation" is used in our Constitution it uniformly refers to private or business organizations of individuals. Neither by the language of the Constitution nor statutes is the term "corporation" so used as to apply to and include a municipality or municipal corporation and where a city or town is referred to, in the sense of being a corporate entity, the term municipal corporation is used. Looking to the context of the act as a whole we find no language or provisions therein from which an implication necessarily arises that it was the legislative intent to include a municipal corporation within the act. Indeed we find nothing in the other provisions of the act which so much as tends to show such an intent. The provision for verification of the return to be made to the State Auditor requires that it "be verified by the oath of the taxpayer, if made by an individual, or by the oath of the President, Vice-President, Secretary, or Treasurer of a corporation if made on behalf of a corporation." While the persons thus specifically named are the usual officers of private corporations, they are not, except treasurer, officers of a municipality. Further the collocation of "corporation" with the words "individual," "firm," "copartnership," etc., indicates that a private corporation and not a municipality was meant. In view of the foregoing considerations, the meaning commonly ascribed to the word "corporation" both in popular usage and legal nomenclature and absence of language indicating a legislative intent to use it in a different sense we must assume it was used in its ordinary and commonly understood meaning and the assumption legitimately follows that had the Legislature intended to include a municipality in the act it would have done so by specific language to that effect. It is our conclusion that the word "corporation" as used does not include a municipality and therefore a municipality is not within the act. The decisions of this court in Public Service Commission v. City of Kirkwood, 319 Mo. 562, 4 S. W. (2d) 773, and the City of Columbia v. Public Service Commission, 329 Mo. 38, 43 S. W. (2d) 813, lend support to such conclusion.

It follows that the judgment herein should be, and hereby is, reversed and the cause remanded with directions to the circuit court to grant such injunctive relief, as, in conformity herewith, plaintiff is entitled to have with judgment for plaintiff in such sum, if any, which the court shall find was collected from plaintiff by the State Auditor, under plaintiff's protest, if so, prior to the commencement of this

proceeding and held or impounded subject to the outcome hereof. *Hyde* and *Bradley*, *CC.*, concur.

PER CURIAM:—The foregoing opinion by FERGUSON, C., is adopted as the opinion of the court. All the judges concur.