CARA KEEBLE, Plaintiff in Error,

*v.*

LOUDON UTILITIES and City of Loudon,

Defendants in Error.

370 S. W. 2d 531.

(*Knoxville,* September Term, 1963.)

Opinion filed September 11, 1963.

484

C. S. Harris, R. Beecher Witt, Madisonville, for plaintiff in error.

Arthur M. Fowler, Loudon, H. H. McCampbell, Jr., Knoxville, Dannel, Fowler & Gibson, Loudon, of counsel, for defendants in error.

Mr. Justice Holmes delivered the opinion of the Court.

This suit was instituted by the plaintiff in error, Cara Keeble, hereinafter referred to as plaintiff, in the Circuit

Court of Monroe County, the county of plaintiff's residence, against Loudon Utilities and the City of Loudon, a municipal corporation located in Loudon County. Process was issued to the Sheriff of Loudon County and served in that county.

The declaration alleged that Loudon Utilities is a public utility engaged in the sale and distribution of electricity and is owned and operated by the defendant City of Loudon. It was further alleged that the defendants sold and delivered electricity to the home of plaintiff in Monroe County and that as a proximate result of the negligence of the defendants the plaintiff's home was totally destroyed by fire.

The defendants first filed a plea of not guilty. Thereafter the cause was continued for one term by consent of the parties. Later the defendants filed a plea in abatement to the summons and declaration of plaintiff alleging that the subject matter of the action was not properly before the Court because Loudon Utilities was simply an arm or department of the City of Loudon, created by ordinance of that city and not created under any of the provisions of "The Power District Law", T.C.A. sec. 6-2704 et seq., and alleging that, therefore, the City was not subject to suit in Monroe County. Two stipulations of fact were filed in the cause which will hereinafter be referred to.

The plaintiff then filed a written motion to strike the plea in abatement upon two grounds—first, that this plea came too late since it was filed after defendants had filed a plea in bar and after a general continuance; and, second, that the City of Loudon through Loudon Utilities was engaged in commercial activities by selling and distrib-

uting electricity in Monroe County and was subject to suit in that county by statute.

The cause came on to be heard by the Court upon the plea in abatement, the motion to strike and the stipulations above referred to. The Trial Judge sustained the plea in abatement and dismissed the suit. Plaintiff has perfected an appeal from this order and assigned errors contending that the plea in abatement was filed too late and further contending that the Circuit Court of Monroe County had jurisdiction of the cause by virtue of the provisions of ''The Power District Law'', T.C.A. secs. 6-2701—6-2725, and also by virtue of T.C.A. sec. 20-402.

In deciding the case it is necessary first to determine the source of the authority by which Loudon Utilities was created. If it was created by virtue of the authority conferred by ''The Power District Law'', T.C.A. sec. 6-2701 et seq., then the defendant Loudon Utilities would be subject to suit in Monroe County under the provisions of T.C.A. sec. 6-2712. This section of ''The Power District Law'' provides:

''Actions against any power district created pursuant to this chapter may be instituted in any court of competent jurisdiction, either in the county in which the cause of action arose, or at the election of the complaining party, in the county within the district in which he resides.

''In all such actions, the method of service of process and the evidence of such service shall be in conformity with the provisions of secs. 20-226 and 20-227.''

An examination of ''The Power District Law'', T.C.A. secs. 6-2701—6-2725, shows that a power district created

under that law is a separate entity with power to sue and be sued, T.C.A. secs. 6-2703, 6-2711 and 6-2712. Such power district can be created only by the Board of Directors of the authority created by the "State Rural Electrification Authority Law." (T.C.A. secs. 65-2301—65-2323) The action creating such a power district may originate with the Directors of the Rural Electrification Authority, T.C.A. sec. 6-2705, or it may originate by petition signed by 10% of the electors of any municipality proposed to be included in such power district, which petition must be filed with and passed upon by the Board of Directors of the Rural Electrification Authority, T.C.A. sec. 6-2706. Also the action creating such a power district may be initiated by resolution of the governing body of any municipality within the proposed district, which resolution shall be filed with the Board of Directors of the Rural Electrification Authority, which Board of Directors may approve or disapprove of the creation of such power district, T.C.A. sec. 6-2704.

The government of such power district is vested in a board of directors, who are appointed by the Governor, T.C.A. sec. 6-2716. Their compensation is fixed by statute at $10.00 for each day a meeting of the board is attended, T.C.A. sec. 6-2718.

"The Power District Law" was originally enacted as Chapter 4 of the Acts of the Extra Session of the 1935 Legislature. The regular session of that same Legislature enacted the "Municipal Electric Plant Law of 1935", which is codified as T.C.A. secs. 6-1501—6-1537. Under this Act every municipality is empowered to acquire and operate "within and/or without the corporate or county limits of such municipality" an electric plant and to distribute electricity and charge therefor, T.C.A. sec. 6-

1503. This Act authorizes the governing body of a municipality to appoint the Board of Directors of the utility, T.C.A. sec. 6-1507. Such directors are required to give such bond, if any, as may be required by the resolution of the governing body of the municipality and shall take the same oath as required for members of such governing body, T.C.A. sec. 6-1509. Within 10 days after their election the members of such Board are by statute required to meet and elect a Chairman and a Secretary-Treasurer. The members of the Board serve without compensation and are required to meet at least once each month, T.C.A. sec. 6-1510. The Board thus created is required to make regular reports to the governing body of the municipality, T.C.A. sec. 6-1513.

The "Municipal Electric Plant Law of 1935" does not make any provision for the institution of suits against the municipality in any county other than the county in which the municipality is located as does "The Power District Law".

The ordinance of the governing body of the City of Loudon "creating a Board of Public Utilities for the City of Loudon, appointing the members of such Board and providing for its operation" is made an exhibit to the stipulation filed in the cause. This ordinance does not refer to the authority under which it was passed but an examination of the ordinance shows that it could not have been passed under the authority granted by "The Power District Law", T.C.A. sec. 6-2701 et seq., because nowhere in the resolution is there any reference to the "Rural Electrification Authority Law" or to the Board of Directors of that authority. In the ordinance the Board of Commissioners of the City of Loudon appointed the first Board of Directors of Loudon Utilities and provided

that their successors be appointed by the City Commissioners. The ordinance provides that these directors receive no compensation. This ordinance is in conformity with the provisions of the "Municipal Electric Plant Law of 1935". It provides that no bond shall be required of the Directors of the utility and that they shall take the same oath of office required to be taken by the members of the Board of Commissioners of the City of Loudon. The members of the Utility Board are required to meet within 10 days after their appointment for the purpose of electing a Chairman and designating a Secretary-Treasurer. The ordinance requires them to meet at least once a month.

■ There are numerous other provisions in the ordinance that are wholly consistent with the terms of the "Municipal Electric Plant Law of 1935" and wholly inconsistent with "The Power District Law". We, therefore, hold that the defendant Loudon Utilities was created under the authority of T.C.A. sec. 6-1501 et seq. It is not a legal entity, separate and apart from the City of Loudon, but is a department of the City of Loudon. Therefore, T.C.A. sec. 6-2712, which provides for the institution of suits against power districts in the county where the cause of action arose has no application in this case and cannot be relied upon by plaintiff. It is to be noted that this Code Section provides that service of process under this section shall be in conformity with the provisions of T.C.A. secs. 20-226 and 20-227. These sections provide for service of process on the Secretary of State and not for service of process in the manner had in this case.

It is further contended that the Trial Court was in error in sustaining the plea in abatement because of the pro-

visions of T.C.A. sec. 20-402. This statute, passed in 1953, is as follows:

"In all tort actions, including actions for death by wrongful act, where the plaintiff and defendant, including personal representatives, are both residents of this state but reside in different counties in addition to the venue otherwise available at law, the action may be brought in the county in which the cause of action arose, and process may be sent to another county as in local actions.

"The provisions of this section shall also apply to corporations, either domestic or foreign, which maintained an office or agency, or are otherwise amenable to service of process, in a county in this state other than the county in which the cause of action arose."

■ Actions against municipalities are local actions which must be brought in the county in which the municipality is located. This rule has been recognized and applied many times in this state. In *Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404, a judgment had been obtained against the City of Nashville in Wilson County. Counterpart summons had been served on the City in Davidson County, a co-defendant having been served with process in Wilson County. In passing upon the validity of the judgment, the Court stated:

"It is true, there is no statute which makes an action brought against a municipal corporation a local action; nor could there ever be a necessity for such statute. * * * But actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this

point or that. They remain stationary; hence they must be sued where they are found—that is, in the county of their location. It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests.''

In that case the Court further held that the statute authorizing service of process by counterpart summons in cases where a defendant has been served in the county in which the suit is brought (now T.C.A. sec. 20-211) has no application to actions against municipalities but applies only to transitory actions.

*Nashville v. Webb,* supra, has been cited and approved many times by this Court, most recently in *Curtis v. Garrison,* 211 Tenn. 339, 364 S.W.2d 933, and *Shelby County v. Memphis,* 221 Tenn. 410, 365 S.W.2d 291. Both of these cases were decided February 7, 1963. In *Shelby County v. Memphis,* supra, the Court stated:

''We, therefore, hold, as the *Nashville v. Webb* case did, that a judgment rendered against a municipal corporation in a suit brought against it in a county other than that of its location is void.''

Since actions against municipalities are local actions, it must be determined whether or not T.C.A. sec. 20-402 applies to local actions against municipalities as well as to transitory actions. This statute was first before the Court in *Dowlen v. Fitch,* 196 Tenn. 206, 264 S.W.2d 824, 266 S.W.2d 357, 41 A.L.R.2d 791, and in *Parker v. Raddick,* 196 Tenn. 472, 268 S.W.2d 357, 45 A.L.R.2d 1096. Both of these cases were transitory actions.

In *Keefe, Admr. v. Atkins et al.,* 199 Tenn. 183, 285 S.W.2d 338, a suit was brought in Hamilton County

against Z. D. Atkins, who was then Commissioner of
Finance and Taxation, State of Tennessee, and two agents
of the Alcohol Tax Unit of the Department of Finance
and Taxation and the surety on the official bonds of the
individual defendants. The suit was for an alleged wrong-
ful death. The cause of action arose in Hamilton County.
This Court affirmed the action of the Trial Court in sus-
taining pleas in abatement and dismissed the suit. The
Court held that T.C.A. sec. 20-402 did not apply to actions
against public officials acting in their official capacities
and the sureties upon their bonds because the venue of
such cases was expressly provided for by other laws. In
concluding the opinion in *Keefe, Admr. v. Atkins,* supra,
the Court stated:

> "In considering the foregoing authorities we think it is
> clear that the Legislature in enacting Chapter 34, Acts
> of 1953, had in mind a general provision relating to
> venue in tort cases and did not intend to repeal or
> modify any special statutory provisions relating to
> venue in particular types of cases, such as we have
> dealt with in the case at bar."

T.C.A. sec. 20-402 makes the act applicable to
"corporations either domestic or foreign". The Act con-
tains no reference to public or municipal corporations. It
has been generally held that the word "corporation"
when used in statutes does not include a municipal corpo-
ration. *Linehan v. City of Cambridge,* 109 Mass. 212;
*Moran v. Long Island City (N.Y.),* 38 Hun. 122, 123;
*City of Webster Groves v. Smith,* 340 Mo. 798, 102 S.W.2d
618, 619; *State v. Central Power & Light Company,* 139
Tex. 51, 161 S.W.2d 766, 768; *Poynter v. County of Otter
Tail,* 223 Minn. 121, 25 N.W.2d 708, 715; *In re Mountain*

*View Public Utility District No. 1* (Alaska) 359 P.2d 951, 956.

In *Poynter v. County of Otter Tail,* supra, the question before the Court was whether or not the plaintiff had a right to cross-examine officers of the defendant under a pre-trial deposition statute providing "the directors, officers, superintendent, or managing agents of any corporation which is a party to the record, may be examined by the adverse party as if under cross-examination." The Court held that the words "any corporation" in the statute did not include a municipal corporation.

In construing a pre-trial deposition containing the same language, the Massachusetts Court in *Linehan v. City of Cambridge,* supra, stated:

"This suit is against a city, and the city clerk and the city engineer refuse to answer interrogatories propounded to them as officers of the city, upon the ground that towns and cities are not the corporations intended by the statute; and in the opinion of the Court, the position is well taken."

It should be noted that our Pre-trial Deposition Act, T.C.A. sec. 24-1207, expressly provides that a party may call an officer, director or managing agent of a *public or private corporation* and interrogate by leading questions. When the Legislature intended to include corporations other than private corporations in the Act, it expressly used the term "public corporations".

In holding that the term "domestic corporations" in a procedural statute did not include municipal corporations, the Court in *Moran v. Long Island City,* supra, stated:

"and the intention of the Legislature by the use of the phrase 'domestic corporations' in Section 1778 of the Code was to include only a class of corporations, distinguished from municipal, and organized for the purpose of carrying on business wholly different in their nature and character from the governmental powers with which municipal corporations are clothed."

In *City of Webster Groves v. Smith,* supra, the Supreme Court of Missouri stated:

"In definition and legal classification and terminology a well-settled distinction exists, and is recognized generally, between a 'corporation' and a 'municipal corporation.' Each term has a distinct and commonly accepted meaning. \* \* \* Reverting to statutory language in this state, the term 'corporation' is used and refers to private and business corporations and the statutes relating to such corporations are assembled under the designation or classification of 'corporations.'

\*　\*　\*　\*　\*　\*

"Neither by the language of the Constitution nor statutes is the term 'corporation' so used as to apply to and include a municipality or municipal corporation and where a city or town is referred to, in the sense of being a corporate entity, the term 'municipal corporation' is used."

In our own code, statutes relating to municipal corporations are found in T.C.A. Title 6, "Municipal Corporations", and statutes relating to domestic and foreign corporations are codified in T.C.A. Title 48, "Corporations and Associations".

We conclude that neither by the letter of the statute nor by legislative intent does T.C.A. sec. 20-402 apply

to municipal corporations. Therefore, this statute furnishes no basis for a suit against the City of Loudon in Monroe County.

This leaves the question of whether or not the plea in abatement was filed too late. In *Shelby County v. Memphis,* supra, and in *Nashville v. Webb,* supra, this Court held that the judgments were void. As stated by Mr. Justice White in speaking for the Court in *Curtis v. Garrison,* supra:

"The Courts of our State have no jurisdiction of local actions brought in the wrong county and consent cannot give jurisdiction."

■ Therefore, since it is jurisdiction that is involved in this case and not a personal privilege of a litigant which may be waived, the plea in abatement was not filed too late and the Trial Court properly held that the Circuit Court of Monroe County was without jurisdiction to try the cause.

The judgment is affirmed at the cost of the plaintiff in error.