Dr. Jesse E. ADAMS, Chairman of the Chattanooga-Hamilton County Air Pollution Control Board, et al., Petitioners,

v.

STATE ex rel. CHATTANOOGA COKE & CHEMICALS, Respondent.

Supreme Court of Tennessee.

Sept. 30, 1974.

Eugene N. Collins, Chattanooga City Atty., Josiah Baker, Sp. Counsel, Chattanooga-Hamilton County Air Pollution Control Board, Chattanooga, for petitioners.

James W. Gentry, Jr., Chattanooga, for respondent.

OPINION

HARBISON, Justice.

This action was commenced in the Chancery Court of Davidson County, Tennessee upon a petition for writ of mandamus filed by Chattanooga Coke & Chemicals against the Commissioner of the Tennessee Department of Public Health and Chairman of the Air Pollution Control Board, Dr. Eugene W. Fowinkle, and against two officials of the Chattanooga-Hamilton County Air Pollution Control Board, in their official capacities. The latter officials were served with process by counterpart summons issued from the Chancery Court at Nashville. Simultaneously there was issued and served out of that court an alter-

native writ of mandamus, directed to the Hamilton County officials.

Both of the Hamilton County officials filed motions to dismiss, questioning the venue of the action and the jurisdiction of the Chancery Court at Nashville. The chancellor overruled the motions to dismiss, and the Hamilton County officials made application to this Court for writs of certiorari and supersedeas, upon the ground that the Chancery Court at Nashville had no jurisdiction to proceed in the cause against them. Their primary insistence is that the action is local in nature and that the proper venue of the action is Hamilton County, Tennessee.

An examination of the original petition for writ of mandamus reveals that the relator, Chattanooga Coke & Chemicals, has an office and place of business in Hamilton County, Tennessee. The original petition refers to and describes the Tennessee Air Quality Act, now codified as T.C.A. §§ 53–3408 et seq. The petition points out that these statutes create an agency known as the State Air Pollution Control Board and authorizes it to issue rules and regulations defining ambient air quality standards, emission standards, general policies or plans and a system of permits together with a schedule of fees for review of air plans and specifications, issuance or renewal of permits or inspection of air contaminant sources. The various provisions of these statutes are referred to in the original petition, including those provisions contained in T.C.A. § 53–3422, which authorizes a municipality or county to enact by ordinance or resolution air pollution control regulations not less stringent than those standards adopted for the state. This section provides that such local ordinances and regulations shall become effective only after the local government shall have applied for and received from the Board an exemption as provided for in T.C.A. § 53–3415(D). It is also provided that the state agency shall periodically determine whether or not any exempted local government meets the terms of the exemption and provides for termination of the exemption until the municipality or county complies with state standards.

The original petition in this cause alleges that the Chattanooga-Hamilton County Air Pollution Control Board is purporting to operate under a certificate of exemption granted by the State Air Pollution Control Board, and the petition refers to a series of ordinances enacted by the City Commission for the City of Chattanooga regulating various types of emissions or air contaminants.

The petition states that the relator had made application to the local Air Pollution Control Board for a permit to operate various coke ovens and that its application had been denied. The petition also stated that the local board had cited relator with violation of various sections of the ordinances above referred to. The relator charges that the local ordinances and regulations are more stringent than and are in conflict with state standards, and the relator claims that its operations would be exempt under state standards.

The relator sought a writ of mandamus to require the State Board to terminate the existing exemption granted to the Chattanooga-Hamilton County Air Pollution Control Board until such time as the local agency complies with state standards.

■ The chancellor recognized that ordinarily a municipal corporation or its officials must be sued only in the county where the municipality is located. City of Nashville v. Webb, 114 Tenn. 432, 85 S.W. 404 (1904); Shelby County v. Memphis, 211 Tenn. 410, 365 S.W.2d 291 (1962); Keeble v. Loudon Utilities, 212 Tenn. 483, 370 S.W.2d 531 (1963). The Court felt that the terms of the Tennessee Air Quality Act, however, gave the Court jurisdiction over political subdivisions in other parts of the state when they are sued under or pursuant to that act. The Court cited T.C.A. § 53–3417, which provides for review of the actions of the state board in the

Circuit Court of Davidson County. He also cited T.C.A. § 53–3418, which allows the state board to seek injunctive relief "in any court of competent jurisdiction."

■ We are of the opinion that the chancellor was in error in his construction of these statutes. The present action is not brought by the state board, and, neither of the statutes in question purports to permit municipal or county governments to be sued outside their boundaries, or their officials to be brought into another county by counterpart process in the manner sought here.

■ The previous decisions of this Court, including those above cited, are to the effect that actions against municipal governments and their officials are local in nature, and that venue in such instances must be in the county where the municipal corporation or county government has its situs. This rule could, in our opinion, be changed by statute, but we do not construe the statutes referred to by the chancellor to have this effect.

■ The previous decisions of this Court also indicate that venue in local actions is not a matter which can be waived and that the only county in which proper proceedings can be had is the county where the local government is located. Accordingly the issuance of counterpart process and the alternative writ of mandamus in this case were beyond the jurisdiction of the Chancery Court of Davidson County.

The judgment of the trial court is re-·versed and the cause is remanded to that court with directions to enter an order sustaining the motion to dismiss filed on behalf of the Chattanooga-Hamilton County officials. Costs of this appeal will be taxed to the relator.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.