**Stanley KEEBLER, Plaintiff,**

v.

**JOHNSON CITY POWER BOARD et al., Defendants.**

**No. CIV–2–79–155.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

Sept. 5, 1980.

Lodge Evans, Elizabethton, Tenn., for plaintiff.

Samuel B. Miller, II, Johnson City, Tenn., N. R. Coleman, Jr., Greeneville, Tenn., James H. Epps, III, Johnson City, Tenn., for defendants.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

A magistrate of this district recommended that the motion of the defendant Johnson City Power Board for a summary judgment, Rule 56(b), Federal Rules of Civil Procedure, be denied. 28 U.S.C. § 636(b)(1)(B). Such recommendation was filed with the Court, and a copy thereof was mailed to all parties. 28 U.S.C. § 636(b)(1)(C). No timely written objection thereto was served and filed. 28 U.S.C. § 636(b)(1). Such recommendation hereby is ACCEPTED. *Idem.*

■ A municipal corporation is not accorded an immunity for good-faith action(s) in defense of a claim of deprivation of civil rights. *Owen v. City of Independence* (1980), 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (decided April 16). The moving defendant is a utility board and agency created by act of the General Assembly of Tennessee and subject under Tennessee law to suit as any Tennessee corporation and may be "a department" of the municipal corporation which created it, *cf. Keeble v. Loudon Utilities* (1963), 212 Tenn. 483, 489–490[1], 370 S.W.2d 531; nevertheless, the plaintiff seeks equitable relief as well as damages from the defendants, and equity relief against the moving defendant would not be barred ordinarily even if such defendant is immune from monetary damages. *Wood v. Strickland* (1975), 420 U.S. 308, 314, 95 S.Ct. 992, 996, 43 L.Ed.2d 214, 221, n.6[2b].

Such defendant's motion of July 31, 1980, therefore, hereby is

DENIED.