David A. ROETTGER,
Plaintiff/Appellant,

v.

METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY, Tennessee, acting by and through the ELECTRIC POWER BOARD through said Government a/k/a Nashville Electric Service, Defendants/Appellees.

Supreme Court of Tennessee,
Special Workers' Compensation Appeals Panel, at Nashville.

May 27, 1999.

Joseph Michael Dalton, Jr., Catherine S. Hughes, Eason, Dalton & Associates, Nashville, TN., for Appellant.

C. Dewey Branstetter, Bryan E. Pieper, Branstetter, Kilgore, Stranch & Jennings, Nashville, TN., for the Appellee.

March 10, 1999

*Members of the panel:*

ADOLPHO A. BIRCH, Associate Justice, JAMES L. WEATHERFORD, Senior Judge, and JOE C. LOSER, Jr., Special Judge.

*MEMORANDUM OPINION*

JAMES L. WEATHERFORD, Senior Judge.

This workers' compensation appeal has been referred to the Special Workers' Compensation Appeals Panel of the Supreme Court pursuant to Tenn.Code Ann. § 50–6–225(e)(3) for hearing and reporting of findings of fact and conclusions of law. The sole issue for review is the trial court's determination that the savings statute T.C.A. § 28–1–105, cannot be used to extend the limitations period against a governmental entity which has consented to be covered by the provisions of the Tennessee Workers' Compensation Act, pursuant to T.C.A. § 50–6–106(5). For the following reasons, we affirm the decision of the trial court.

The employee or plaintiff instituted this civil action to recover medical and disability benefits for injuries resulting from a work related accident which occurred on May 2, 1994. The defendant, Metropolitan Government of Nashville and Davidson County, acting by and through the Electric Power Board, filed a motion for summary judgment, asserting that plaintiff's cause of action failed to comply with the applicable limitations period.

The parties to this action, pursuant to Tennessee Rules of Civil Procedure 56.03,

filed a Joint Statement of Undisputed Facts in conjunction with the employer's motion for summary judgment.

The following facts are not in dispute:

1. The plaintiff alleges that on or about May 2, 1994, he slipped and fell while in the course and scope of his employment with the defendant, suffering injuries from said fall.

2. The defendant is a municipal corporation, and, pursuant to T.C.A. § 50–6–106(5), has voluntarily accepted the provisions of the Workers' Compensation Act, T.C.A. § 50–6–101 *et. seq.*

3. The plaintiff filed a workers' compensation claim regarding the above injury on or about November 22, 1994.

4. The plaintiff's complaint was voluntarily dismissed on February 15, 1996.

5. On or about November 5, 1996, less than one year from the date of the voluntary dismissal, but more than one year from the date of the injury, the plaintiff filed the instant complaint.

■ The employee, the appellant, contends that by voluntarily opting to accept the provisions of the Workers' Compensation Act § 50–6–106(5), that the employer has also voluntarily submitted to the savings statute, which is a separate statute. Apparently there are no Tennessee decisions that determine whether the savings statute, T.C.A. § 28–1–105, applies to a governmental entity which has consented to be covered by the provisions of the Tennessee Workers' Compensation Act, pursuant to T.C.A. § 50–6–106(5).

There are Tennessee decisions which hold that sovereign immunity bars application of the savings statute to actions against a governmental entity. *Williams v. Memphis Light,* 773 S.W.2d 522 (Tenn. App.1988) (Governmental Tort Liability Act claims); *Automobile Sales Co. v. Johnson,* 174 Tenn. 38, 122 S.W.2d 453 (1938) (suit to recover gasoline tax which had been paid under protest to the State); *Webster v. Tennessee Bd. of Regents,* 902 S.W.2d 412 (Tenn.App.1995) (suit against State alleging race discrimination).

We reject the appellant's contention that by voluntarily opting to accept the provisions of the Worker's Compensation Act § 50–6–106(5), that the employer has also voluntarily submitted to the savings statute, which is a separate statute. T.C.A. § 5–6–106(5), which authorizes a municipality to accept the provisions of the Workers' Compensation Act, does not authorize anything more.

■ Upon a consideration of the above principles and authorities, we hold that the savings statute T.C.A. 28–1–105, cannot be used to extend the limitations period against a defendant protected by sovereign immunity in a worker's compensation case, even though the protected employer has opted to accept the provisions of the Workers' Compensation Act.

"The State of Tennessee is immune from any lawsuit brought under state laws unless the lawsuit is authorized by an act of the General Assembly. There is no statute that specifically authorizes suits to be "saved" against the State." *Webster v. Tennessee Board of Regents,* supra.

The judgment of the trial court is affirmed and this action is remanded to the Chancery Court for Davidson County for the implementation of its judgment and such further proceedings, if any, as may be necessary.

Costs on appeal are taxed to plaintiff-appellant.

ADOLPHO A. BIRCH, Jr., Associate Justice and JOE C. LOSER, Jr., Special Judge, concur.