STATE ex rel. L. David ORMEROD, M.D., Relator,

v.

The Honorable Gene HAMILTON, Presiding Judge, Circuit Court of Boone County, Respondent.

No. SC 085403.

Supreme Court of Missouri, En Banc.

March 9, 2004.

Rehearing Denied April 27, 2004.

G. Spencer Miller, Daniel R. DeFoe, Gladstone, MO, for Relator.

Dale C. Doerhoff, Jefferson, City, MO, Laurence R. Tucker, Kansas City, MO, for Respondent.

RONNIE L. WHITE, Chief Justice.

### I.

Relator, L. David Ormerod, M.D., seeks a writ of mandamus to require Respondent to transfer the underlying case to Jackson County, Missouri. The alternative writ in mandamus is quashed, because venue is appropriate in Boone County, Missouri.

### II.

Relator filed a cause of action against the Curators of the University of Missouri (Curators) in Jackson County, Missouri, with venue premised upon the corporate venue statute, section 508.040.[1] Relator's

1. All statutory references are to RSMo 2000 unless otherwise noted.

second amended petition for damages alleged six counts of breach of contract and a single count in tort for conversion of personal property. The Curators sought, and obtained, transfer to Boone County, Missouri, on the theory that Curators is a public corporation and that venue should be determined pursuant to the general venue statute, section 508.010. This Court issued an alternative writ of mandamus ordering Respondent to either transfer the case to Jackson County or show cause as to why venue was appropriate in Boone County.

## III.

█ In *State ex rel. Milham v. Rickhoff,* this Court held that Curators was a public corporation, not a municipal corporation.[2] This Court also noted that Curators was distinctly different and unique from other public corporations because of the University of Missouri's role in performing essential governmental functions for the benefit of all of the people of the state.[3] *Milham* held that section 508.010 determined venue for Curators; however, *Milham* involved multiple defendants, corporate and individual, and Curators was not the sole defendant in *Milham.*

Unless otherwise specified, where the term "corporation" is used in our statutes and Constitution it uniformly refers to private or business organizations, not to public corporations.[4] Curators is a unique form of public corporation created by section 172.020 and article IX, section 9(a) of the Missouri Constitution. Section 508.040, by its wording, pertains to business corporations and not to this specially created public corporation.[5] Consequently, section 508.010 applies to determine venue, even when Curators is the sole defendant in a lawsuit.

The venue choices provided in section 508.010 when individual defendants are involved are encompassed in subdivisions (1), (5), and (6). Section 508.010(5) applies only when a county sheriff is the plaintiff and is inapplicable in this case. Section 508.010(1) states that suits are brought "[w]hen the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides, and the defendant may be found." Section 508.010(6) allows all tort actions to be brought in the county where the cause of action accrued regardless of the residence of the parties.

█ While Curators is a resident of the state and the University of Missouri has offices for conducting its business in every county of the state, no statute defines or assigns a specific county as corporate residence for Curators. Curators simply does not have a county of residence for venue purposes. Lacking a specific corporate residence, only the second arm of section 508.010(1) or section 508.010(6) can apply to determine venue.

█ The plaintiff resides in Boone County and Curators can be found in Boone County, so venue is appropriate in

**2.** 633 S.W.2d 733, 735–36 (Mo. banc 1982).

**3.** Id. See also Missouri Constitution article IX, section 9(a); section 172.020; *Barish v. Director of Revenue,* 872 S.W.2d 167, 171 (Mo. App.1994).

**4.** *City of Webster Groves v. Smith,* 340 Mo. 798, 102 S.W.2d 618, 619 (1937); *Casualty Reciprocal Exchange v. Missouri Employers Mut. Ins. Co.,* 956 S.W.2d 249, 253 (Mo. banc 1997).

**5.** This holding does not establish a general rule applying to all public corporations.

Boone County under the second arm of section 508.010(1). Section 508.010(6) provides the only other venue choice under the facts in this case and yields the identical result. Because Rule 55.06(a) allows joinder of tort and contract claims, and because there is only one defendant, venue with respect to either the tort or contract claims would be appropriate to the remaining claims joined.[6] The cause of action for Relator's tort claim of conversion accrued in Boone County and, as such, venue would also be appropriate in Boone County, Missouri, under section 508.010(6). Finding Boone County to be the only appropriate venue under the facts of this case, the alternative writ in mandamus is hereby quashed.

All concur.

---

**6.** *State ex rel. McClain v. Heckemeyer,* 741 S.W.2d 734, 737(Mo.App.1987), *citing to, State ex rel. Farmers Insurance Co., Inc. v. Murphy,* 518 S.W.2d 655, 658 (Mo. banc 1975). See also *State ex rel. Bitting v. Adolf,* 704 S.W.2d 671, 673 (Mo. banc 1986). Even when joinder of claims is authorized, if multiple defendants are involved, then venue must be separately established as to each defendant, absent any allegation giving rise to joint or common liability. *State ex rel. Sims v. Sanders,* 886 S.W.2d 718, 720 (Mo.App.1994).