IN THE SUPREME COURT OF TENNESSEE
AT NASHVILLE
October 5, 2005 Session

## TOMMY D. LANIUS v. NASHVILLE ELECTRIC SERVICE

**Interlocutory appeal from the Chancery
Court for Sumner County
No. 2004C-96      Hon. Thomas E. Gray, Chancellor**

_____

### No. M2005-00441-SC-R9-CV - Filed December 2, 2005

_____

Pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure, we accepted this interlocutory appeal from the Chancery Court of Sumner County in which the defendant, Nashville Electric Service, seeks dismissal or, in the alternative, transfer of this workers' compensation case to Davidson County, its county of residence, on the grounds, *inter alia*, of sovereign immunity and the common law local venue rule. We hold that the defendant is subject to the venue provisions of the Workers' Compensation Act because it voluntarily entered into the workers' compensation system pursuant to an express grant of authority from the General Assembly, which thus effected a waiver of its sovereign immunity. We further hold that the specific venue provisions of the Workers' Compensation Act control venue and apply to the exclusion of the common law local venue rule. Accordingly, the defendant may be sued in the plaintiff's county of residence, Sumner County.

**Tenn. R. App. P. 9; Judgment of the Chancery Court is Affirmed, and the Case is
Remanded to the Chancery Court of Sumner County.**

WILLIAM M. BARKER, C.J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, Jr., JANICE M. HOLDER, and CORNELIA A. CLARK, JJ. joined.

C. Dewey Branstetter Jr. and Eugene W. Ward, Nashville, Tennessee, for the appellant, Nashville Electric Service.

Arthur E. McClellan, Gallatin, Tennessee, for the appellee, Tommy D. Lanius.

**OPINION**

FACTUAL BACKGROUND

The parties to this case call upon this Court to determine the trial court of jurisdiction and the proper place of venue in a workers' compensation suit involving, as the defendant, a municipal corporation, which enjoys sovereign immunity unless waived. On March 17, 2004, the plaintiff, Tommy D. Lanius, filed a complaint in the chancery court of his county of residence—Sumner County, Tennessee—pursuant to the Tennessee Workers' Compensation Act and its venue provisions,[1] against his employer, the defendant, Nashville Electric Service (NES). NES subsequently filed a motion to transfer the case to Davidson County, Tennessee, its county of residence, on two principal grounds: (1) that NES, as a municipal governmental entity enjoying sovereign immunity, cannot be sued absent its consent or contrary to any terms that condition its consent and (2) that any action against a municipal entity is a local action, as opposed to a transitory action, thus giving subject matter jurisdiction only to the courts of the entity's county of residence.

The Chancery Court for Sumner County, Tennessee, denied NES's motion to dismiss or to transfer the case to Davidson County. It later granted NES's application for interlocutory appeal. This Court granted the application to hear this appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure.

We hold that the court of jurisdiction and of proper venue in this case is dictated by Tennessee's Workers' Compensation Act, which, when voluntarily entered into by NES pursuant to an express grant of authority by the General Assembly, constituted a waiver of its sovereign immunity and effected its consent to be sued "in the circuit, criminal, or chancery court in the county in which the employee resides." Tenn. Code Ann. § 50-6-225(a)(2) (Supp. 2004). Furthermore, we hold that venue is controlled by the specific venue provisions of the Workers' Compensation Act to the exclusion of the common law local venue rule. Accordingly, we affirm the chancery court's denial of NES's motion to dismiss the complaint for lack of jurisdiction or improper venue.

STANDARD OF REVIEW

As with all questions of law, our review of this Tennessee Rule of Civil Proceedure 12 motion to dismiss for improper venue is conducted "under a pure *de novo* standard . . . ,

---

[1] Tennessee Code Annotated section 50-6-225(a)(2) (Supp. 2004) states

[i]n the event the parties are unable to reach an agreement at the benefit review conference as to all issues related to the claim, either party may file a civil action as provided in § 50-6-203 in the circuit or chancery court in the county in which the employee resides or in which the alleged injury occurred.

For clarity, we note that the subsections of section 50-6-225 have been renumbered in the 2005 amendment to the statute.

-2-

according no deference to the conclusions of law made by the lower courts." S. Constructors, Inc. v. Loudon County Bd. of Educ., 58 S.W.3d 706, 710 (Tenn. 2001).

ANALYSIS

In Five Star Express, Inc. v. Davis, 866 S.W.2d 944, 950 (Tenn. 1993), we held that "venue in worker's [*sic*] compensation actions is to be determined solely by the workers' compensation venue statute—§ 50-6-225(c)(1)—and any other authority indicating otherwise is hereby expressly overruled." Section 50-6-225(c)(1) of the Tennessee Code of 1993, which was the venue provision of the Workers' Compensation Act at the time Five Star was announced, provided that "[t]he party filing the petition may . . . file . . . an original petition in either the circuit, criminal or chancery court of [1] *the county in which petitioner resides* or [2] *in which the alleged accident happens*" (emphasis added).[2] In the present dispute, the plaintiff, Tommy Lanius, filed his lawsuit in the chancery court of his undisputed county of residence, Sumner County, pursuant to the first of the two venue options provided for in this statute.

NES argues that, as a municipal entity, it enjoys sovereign immunity and, as a consequence, our holding in Five Star has no applicability here and therefore the Chancery Court of Sumner County has no jurisdiction to hear Mr. Lanius's case. Further, it argues that because this is an action against a municipal entity, the common law local venue rule applies and dictates that only courts of its county of residence have subject matter jurisdiction. In the alternative, NES claims that if the Chancery Court of Sumner County does have jurisdiction to hear this case, the same court is not the proper venue because NES has not consented to be sued anywhere but Davidson County, its county of residence.

In Tennessee, municipal entities, whether engaged in governmental or proprietary functions, enjoy sovereign immunity. Tenn. Code Ann. § 29-20-201(a) (2005); Crowe v. John W. Harton Mem'l Hosp., 579 S.W.2d 888 (Tenn. Ct. App. 1979) (upholding the constitutionality of Tennessee Code Annotated section 23-3307, now section 29-20-201). This doctrine provides that a sovereign governmental entity cannot be sued in the courts of its own state unless it consents. Williams v. State, 139 S.W.3d 308, 311 (Tenn. Ct. App. 2004). The General Assembly, pursuant to Article I, Section 17 of the Tennessee Constitution,[3] is clothed with the authority to waive sovereign immunity, and governmental entities themselves may prescribe the terms and conditions under which they can be sued, including when and in what fora they can be sued. Cruse v. City of Columbia, 922 S.W.2d 492, 495 (Tenn. 1996). There appears to be no dispute in this case that NES is a municipal entity created pursuant to both state law and the charter of the government of Nashville and Davidson County, Tennessee, and is thus immune

---

[2] Now Tennessee Code Annotated section 50-6-225(a)(2) (2005).

[3] Article I, Section 17 of the Tennessee Constitution states "[s]uits may be brought against the State in such manner and in such courts as the Legislature may by law direct."

from suit unless (1) it agreed to be amenable to suit or (2) the General Assembly allowed, by law, NES to be sued.

Although governmental entities, such as NES, are expressly exempt from the Workers' Compensation Act, Tennessee Code Annotated § 50-6-106(5) (1999), this same statute also provides that counties "may accept the provisions of this chapter as to any department or division . . . by filing written notice thereof . . . at least thirty (30) days before the happening of any accident or death." NES agreed to provide workers' compensation benefits to its employees by filing the required notice, in 1966, with the Tennessee Department of Labor. At issue, then, is whether NES's voluntary agreement to enter into the workers' compensation system constituted acceptance of the Act's venue provisions, Tennessee Code Annotated section 50-6-225(a)(2), and thus effected a waiver of its sovereign immunity.

We hold that by agreeing to provide benefits to its employees under Tennessee's Workers' Compensation Act, NES waived its sovereign immunity and consented to be sued in fora dictated by the Act's venue provisions. Although not necessarily binding upon us, the holding and analysis of Roettger v. Metropolitan Government of Nashville and Davidson County, 991 S.W.2d 244 (Tenn. Special Workers' Comp. App. Panel 1999), is instructive. At issue in Roettger was whether Tennessee's savings statute, Tennessee Code Annotated section 28-1-105, could be employed by a plaintiff to extend the limitations period of a lawsuit against a governmental entity that consented to be covered by the Workers' Compensation Act. The Panel held that it could not. In support of its holding, the Panel stated:

We reject the appellant's contention that by voluntarily opting to accept the provisions of the Workers' Compensation Act § 50-6-106(5), that the employer has also voluntarily submitted to the savings statute, which is a separate statute. T.C.A. § 5[0]-6-106(5), which authorizes a municipality to accept the provisions of the Workers' Compensation Act, does not authorize anything more.

991 S.W.2d at 245. It seems apparent from the Panel's holding and reasoning in Roettger that had the savings statute at issue been incorporated into the Workers' Compensation Act, it would have applied against the defendant governmental entity. According to the Panel, the savings statute did not apply only because it was separate from the Act that the governmental entity in Roettger had voluntarily entered into.

We agree with the holding and reasoning of the Panel in Roettger. The venue provisions relied on in this case by the plaintiff constitute a part of the Workers' Compensation Act to which NES voluntarily submitted; therefore, those venue provisions apply to NES. Furthermore, we find no authority for the proposition that NES can pick and choose which provisions of the Workers' Compensation Act it will and will not adopt. Indeed, the language of Tennessee Code

-4-

Annotated section 50-6-106(5)[4] (1999) provides that a municipal entity "may accept the provisions of this chapter"; it does not expressly allow the entity to adopt some of the Workers' Compensation Act's provisions and refuse others. And although it is true that "[g]eneral procedural statutes in which the State is not specifically named, and which, if applied, would operate to restrict the state's sovereignty, cannot be invoked against the state[,]" Auto. Sales Co. v. Johnson, 122 S.W.2d 453, 455 (Tenn. 1938) (quoting Quinton v. Bd. of Claims, 54 S.W.2d 953, 957 (Tenn. 1952)), section 50-6-105(5) expressly authorizes governmental entities, if they wish, to enter into the workers' compensation system. Thus, when NES voluntarily entered into the workers' compensation system pursuant to a grant of authority from the General Assembly to accept all or none of the provisions of the Workers' Compensation Act, it subjected itself to the Act's venue provisions and thus made itself amenable to suit wherever those provisions dictate.

Neither do we accept the plaintiff's characterization of Keeble v. Loudon Utilities, 370 S.W.2d 531 (Tenn. 1963), to the effect that "a judgment against a municipal corporation in a county other than its county of location is . . . void on its face." Although it is generally true that "[a]ctions against municipalities are local actions which must be brought in the county in which the municipality is located," Keeble, 370 S.W.2d at 534, it is also true that "[a]ctions may be made by statute either transitory or local." Mayor of Nashville v. Webb, 85 S.W. 404, 405 (Tenn. 1905). Indeed, numerous statutes exist that subject municipal entities in Tennessee to suit outside their own counties. For example, the Governmental Tort Liability Act's venue provision, Tennessee Code Annotated section 29-20-308 (2000), provides for an alternative venue in the county in which the tort occurred. In real property actions involving the State of Tennessee or any of its agencies, venue is proper in any county in which the property is located. Tenn. Code Ann. § 20-4-107 (1994). Grievance actions by state inmates must be brought in the county in which the correctional facility is located. Tenn. Code Ann. § 41-21-803 (2003). Even in the absence of a statute otherwise, the local venue rule in cases involving municipal entities is not absolute. See Baker v. Hughes, 532 S.W.2d 223, 224 (Tenn. 1975).

We hold that the venue provisions of Tennessee's Workers' Compensation Act, Tennessee Code Annotated section 50-6-225(a)(2) (2004), apply to the exclusion of any common law local venue rule in this case. By voluntarily accepting the Tennessee's Workers' Compensation Act, NES subjected itself to the Act's venue provisions; therefore, those venue provisions apply to NES and negate the common law rule.

We also reject NES's argument that venue in Sumner County is improper because the venue provisions of the Workers' Compensation Act in 1966, at the time NES voluntarily accepted its provisions, would not have allowed this plaintiff to sue in his county of residence.[5] While it is true that the venue provisions changed after NES entered into the workers'

---

[4] Now Tennessee Code Annotated § 50-6-106(6) (2005).

[5] Formerly, the Act's venue provisions allowed suit in the plaintiff's county of residence only if the defendant had an office or agent in that county. Tenn. Code Ann. § 50-1018 (1966). NES never has had an office in Sumner County.

compensation system, NES neglected, as it is authorized by statute if it so wishes, to "withdraw [its] acceptance [of the Workers' Compensation Act] . . . by giving . . . notice of the withdrawal" after the venue provisions changed.  Tenn. Code Ann. § 50-6-106(5).  Absent express withdrawal of its acceptance of the Act, NES was subject to all its provisions and is therefore amenable to suit in any venue dictated by the Act as modified by the General Assembly.

CONCLUSION

The judgment of the chancery court is affirmed, and this action is remanded to the Chancery Court for Sumner County for the implementation of this judgment and any further proceedings that may be necessary.

The costs of this appeal are taxed to the defendant-appellant, Nashville Electric Service and its sureties, for which execution may issue if necessary.


_____
William M. Barker, Chief Justice