IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 5, 2007 Session

# FEDERAL EXPRESS v. THE AMERICAN BICYCLE GROUP, LLC

**Appeal from the Chancery Court for Knox County**
**No. 167644-3    Michael W. Moyers, Chancellor**

No. E2007-01483-COA-R9-CV  - FILED MARCH 4, 2008

Federal Express ("Plaintiff") filed a Complaint on Sworn Account in the Knox County Chancery Court claiming that the defendant, The American Bicycle Group, LLC (the "LLC"), owed Plaintiff $121,619.32.  The LLC filed a Tenn. R. Civ. P. 12.02(3) motion to dismiss based on improper venue. The LLC claimed that venue was improper in Knox County because: (1) Plaintiff's principal place of business was in Shelby County; (2) the LLC's principal place of business was in Hamilton County; and (3) the alleged cause of action arose in Shelby County.  Following a hearing, the LLC's motion to dismiss was denied by the Trial Court because the LLC's registered agent for service of process was located and served in Knox County.  Both the Trial Court and this Court granted the LLC's request for permission to file a Tenn. R. App. P. 9 interlocutory appeal.  The sole issue on this appeal is whether the Knox County Chancery Court is a proper venue for Plaintiff's action.  We affirm the judgment of the Trial Court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the**
**Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., joined.  CHARLES D. SUSANO, JR., J., filed a separate concurring opinion.

C. Allen Ragle, Knoxville, Tennessee, for the Appellant, The American Bicycle Group, LLC.

Christopher W. Conner, Maryville, Tennessee, for the Appellee, Federal Express.

## OPINION

## Background

In August of 2006, Plaintiff filed a Complaint on Sworn Account claiming it was owed $121,619.32 by the LLC. The complaint was filed in the Knox County Chancery Court. The LLC entered a limited appearance for the purpose of challenging the venue of the Knox County Chancery Court. Along with its limited appearance, the LLC filed a motion to dismiss. According to the motion[1]:

> The return of process, which is a part of the record herein, shows that [the LLC] was served with Summons and Complaint on August 16, 2006 through its registered agent, C.T. Corporation System, located at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929.

> The Plaintiff's place of business is located in Memphis, Shelby County, Tennessee.

> [The LLC's] place of business is located in Chattanooga, Hamilton County, Tennessee.

> To the extent Plaintiff has a cause of action against [the LLC] for the collection of a debt, this cause of action arose at Plaintiff's place of business in Shelby County.

> Tennessee Code Annotated § 24-4-101(a) provides in pertinent part that "all civil actions of a transitory nature … may be brought in the county where the cause of action arose or in the county where the Defendant resides or is found."

> Because [the LLC's] place of business is in Hamilton County, Tennessee and the alleged cause of action herein arose in Shelby County, Tennessee, Knox County is not the statutorily prescribed venue for this action.

Plaintiff responded to the motion to dismiss stating that the LLC was "found" through its registered agent in Knox County, Tennessee. Because the LLC had designated C.T. Corporation System as its registered agent, and because C.T. Corporation was located in Knox County, Plaintiff claimed that venue was proper in Knox County.

---

[1] We have omitted the original paragraph numbering.

Following a hearing, the Trial Court entered an order denying the LLC's motion to dismiss. The LLC then filed a motion requesting permission from the Trial Court to file a Tenn. R. App. P. 9 interlocutory appeal. The Trial Court granted that motion, as did this Court. The issue in this appeal is whether the Trial Court correctly determined that Knox County was a permissible venue for this lawsuit.

**Discussion**

"As with all questions of law, our review of this Tennessee Rule of Civil Procedure 12 motion to dismiss for improper venue is conducted 'under a pure *de novo* standard ..., according no deference to the conclusions of law made by the lower courts.' *Southern Constructors, Inc. v. Loudon County Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn.2001)." *Lanius v. Nashville Elec. Serv.*, 181 S.W.3d 661, 663 (Tenn. 2005).

The parties agree that the present case involves an action of a transitory nature and, therefore, Tenn. Code Ann. § 20-4-101 (1994) applies.[2] This statute provides:

> **§ 20-4-101. Transitory actions. –** (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.
>
> (b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.
>
> (c) Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as in local action, and it shall

---

[2] Our Supreme Court discussed the difference between transitory and local actions in *Five Star Express, Inc. v. Davis*, 866 S.W.2d 944 (Tenn. 1993) as follows:

> There are two types of actions for purposes of venue. A transitory action is one in which the injury occurred to a subject not having an immovable location; therefore a transitory action could have occurred anywhere. Typical examples of transitory actions are actions sounding in tort and contract. On the other hand, a local action is an action in which the injury occurred to an immovable object; the classic example is an action involving injury to real property. *Curtis v. Garrison*, 211 Tenn. 339, 364 S.W.2d 933 (1963); *Mattix v. Swepston*, 127 Tenn. 693, 155 S.W. 928 (1913). Local actions must be brought in the county in which the property is located. T.C.A. § 20-4-103.

*Five Star Express*, 866 S.W.2d at 945 n.1.

not be necessary nor required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

The issue on appeal is whether the LLC can be "found" in Knox County. We have located two relevant cases discussing what is meant by being "found" for venue purposes. In *Garland v. Seaboard Coastline R.R. Co.*, 658 S.W.2d 528 (Tenn. 1983) our Supreme Court said:

> As in the case of a corporation, an unincorporated association may be "found" pursuant to T.C.A. § 20-4-101(a) in any county wherein it has an office for the furtherance of its business activities. *See Redman, supra* at 590, 56 S.W.2d at 739; 77 Am.Jur.2d *Venue* § 5 (1975).

*Garland*, 658 S.W.2d at 534 .

In the earlier case of *Redman v. DuPont Rayon Co*., 56 S.W.2d 737 (Tenn. 1933), *overruled on other grounds in Five Star Express, Inc. v. Davis*, *866 S.W.2d 944 (Tenn. 1993)*, the Supreme Court offered the following guidance:

> The whole matter comes down to this: With certain exceptions, a transitory action can be brought in any jurisdiction in which the defendant is found. Code, § 8640. Such an action, however, cannot be brought, in personam, in a jurisdiction in which the defendant is not to be found. A corporation, an artificial person, is not to be found in any jurisdiction or county unless the corporation maintains an office, agency, or resident director in that county.

*Redman*, 56 S.W.2d at 739.

Because the defendant in the present case is a limited liability company, we look for guidance from the relevant statutes discussing such entities. Specifically, Tenn. Code Ann. §§ 48-208-101 and 102 (2002). These statutes provide in relevant part as follows:

> **48-208-101. Registered office and registered agent.** – (a) REGISTERED OFFICE AND AGENT. Each foreign and domestic LLC must continuously maintain in this state:
>
> (1) A registered office that may be the same as any of its places of business; and
>
> (2) A registered agent, who may be: an individual who resides in this state, a domestic corporation, a not-for-profit domestic

corporation, an LLC, or a foreign corporation, not-for-profit foreign corporation, or foreign LLC authorized to transact business in this state. *The registered agent must maintain a business office that is identical with the registered office....*

**48-208-102. Change of registered office or registered agent. –** (a) CHANGE IN REGISTERED OFFICE AND/OR AGENT BY LLC. A foreign or domestic LLC may change its registered office or registered agent by delivering to the secretary of state for filing a statement of change that sets forth:

(1) The name of the LLC;

(2) If the current registered office is to be changed, the street address of the new registered office and the zip code for such office and the county in which the office is located;

(3) If its current registered agent is to be changed, the name of its new registered agent; and

(4) That after the change or changes are made, *the street addresses of its registered office and the business office of its registered agent will be identical.*

(b) CHANGE IN REGISTERED OFFICE BY REGISTERED AGENT. If a registered agent changes the street address of such registered agent's business office, such registered agent may change the street address of the registered office of any LLC for which such registered agent is the registered agent by notifying the LLC in writing of the change and signing (either manually or in facsimile) and delivering to the secretary of state for filing a statement that complies with the requirements of subsection (a) and recites that the LLC has been notified of the change.[3]

As is apparent from the above statutes, a limited liability company *must* maintain in this state: (1) a registered office; and (2) a registered agent. Importantly, that registered agent *must* "maintain a business office that is identical with the registered office." Tenn. Code Ann. § 48-208-101(a)( 2). In the present case, the LLC's registered agent is C.T. Corporation System. In its motion to dismiss, the LLC acknowledges that the LLC "was served with Summons and Complaint on August 16, 2006 through its registered agent, C.T. Corporation System, located at 800 S. Gay Street, Suite 2021, Knoxville, Tennessee 37929." Therefore, for purposes of the above statutes, C.T.

---

[3] Capitalization in the original; italics added.

Corporation System's Knoxville address is that registered agent's business office which, according to the statute, must also be considered the LLC's registered office. Therefore, the LLC has *in Knox County*: (1) a registered agent; (2) a registered office; and (3) a business office.

Based on the foregoing, we conclude that the LLC has in Knox County "an office for the furtherance of its business activities," *see Garland*, *supra* at 534, and an "office" or "agency," *see Redman*, *supra*, at 739. Accordingly, we affirm the judgment of the Trial Court denying the LLC's motion to dismiss for improper venue.

## Conclusion

The judgment of the Trial Court is affirmed and this cause is remanded to the Trial Court for further proceedings and for collection of the costs below. Costs on appeal are taxed to the Appellant, The American Bicycle Group, LLC, and its surety.

_____
D. MICHAEL SWINEY, JUDGE