IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 3, 2018

## MADISON COUNTY, TENNESSEE, ET AL. v. DELINQUENT TAXPAYERS FOR 2012, ET AL.

Appeal from the Chancery Court for Madison County
No. RD71681    James F. Butler, Chancellor

_____

No. W2016-02526-COA-R3-CV

_____

This appeal involves the right of redemption after a tax sale. After the tax sale occurred, the original property owners purportedly conveyed their right of redemption to a third party through a contract of sale and quitclaim deed. The third party filed a motion to redeem the property. The trial court denied the motion to redeem, concluding that the third party did not meet the relevant statutory definition of a person entitled to redeem the property. For the following reasons, we affirm and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

BRANDON O. GIBSON, J., delivered the opinion of the court, in which CHARLES D. SUSANO, JR., and RICHARD H. DINKINS, JJ., joined.

Thomas G. Hyde, Murfreesboro, Tennessee, *Pro se*.

Robert J. Solomon, Duluth, Georgia, for the appellee, First Tennessee Bank National Association.

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Eric and Regina Sills owned a home in Jackson, Tennessee. At a delinquent tax sale on March 10, 2016, the property was purchased by H&W Development for $150,000, subject to the right of redemption. The tax sale was confirmed by decree of the court on March 31, 2016.

On April 22, 2016, Mr. and Mrs. Sills entered into a contract of sale with Thomas Hyde. The contract stated that Mr. and Mrs. Sills were the former owners of the property sold at the tax sale and that they desired to sell to Mr. Hyde for the sum of $48,500,

> any and all rights, if any, maintained by the Seller in and to the Property or any rights arising out of or relating to the aforementioned delinquent county tax sale of the Property, including but not limited to the right to redeem (ie. repurchase the property upon payment of back taxes, penalties, costs and interest) via Tenn. Code Annotated 67-5-2701 et seq[.]

In connection with the transaction, Mr. and Mrs. Sills executed a quitclaim deed to Mr. Hyde, which stated, "It is the intent of the Grantor by this instrument to convey any and all rights that the Grantor may have arising from T.C.A. 67-5-2701 et seq. to the Grantee[.]"

Mr. Hyde immediately filed a motion for redemption of the parcel and tendered the sum of $19,437.11 to the court, representing the taxes, interest, and other sums due and owing. Mr. Hyde asserted that he was entitled to redeem the property due to the fact that he had purchased the right of redemption after the tax sale.

After a hearing, the trial court denied Mr. Hyde's motion to redeem the property based on Tennessee Code Annotated section 67-5-2701(a)(3)(C), which provides:

> "Person entitled to redeem" means, with respect to a parcel, any interested person, as defined in this chapter, as of the date of the sale and the date the motion to redeem is filed[.]

The statutory scheme defines an interested person as one who owns an interest in a parcel. Tenn. Code Ann. § 67-5-2502(c)(1)(B).[1] The trial court found that Mr. Hyde was

---

[1]The full definition states,

> "Interested person", "person owning an interest in a parcel" and "owner" means a person, including any governmental entity, that owns an interest in a parcel and includes a person, including any governmental entity, that holds a lien against a parcel or is the assignee of a holder of such a lien. "Interested person" also includes a person or entity named as nominee or agent of the owner of the obligation that is secured by the deed or a deed of trust and that is identifiable from information provided in the deed or a deed of trust, which shall include a mailing address or post office box of the nominee or agent. However, a person named as a trustee under a deed of

not an interested person as of the date of the sale. Considering the plain language of the statute, the trial court interpreted it to mean that a person entitled to redeem must have owned an interest in the property on both dates. Accordingly, the court found that Mr. Hyde was not a "person entitled to redeem" within the meaning of the redemption statute. Mr. Hyde filed a motion to alter or amend, which the trial court denied, reiterating its prior conclusion that Mr. Hyde cannot exercise the statutory right to redeem the property because he did not possess an interest in the property on the date of the sale and therefore did not qualify as a person entitled to redeem the property. Mr. Hyde timely filed a notice of appeal.

First Tennessee Bank National Association subsequently filed a separate motion to redeem the property as the holder of a deed of trust secured by the property. The trial court declined to rule on First Tennessee's motion to redeem due to the pendency of this appeal. First Tennessee submitted and was permitted to file a brief on appeal as appellee.

## II. ISSUES PRESENTED

On appeal, Mr. Hyde argues that the trial court erred in concluding that Tennessee Code Annotated section 67-5-2701 requires one seeking to redeem property to qualify as an interested person on both the date of the tax sale and the date of the motion to redeem. First Tennessee argues that the trial court correctly interpreted the statute. For the following reasons, we affirm and remand for further proceedings.

## III. DISCUSSION

Statutory interpretation involves questions of law, "which the appellate courts review de novo without a presumption of correctness." *Pickard v. Tenn. Water Quality Control Bd.*, 424 S.W.3d 511, 518 (Tenn. 2013) (citing *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 308 (Tenn. 2012); *Gautreaux v. Internal Med. Educ. Found., Inc.*, 336 S.W.3d 526, 531 (Tenn. 2011)).

When construing a statute, our primary objective is to determine and give effect to the legislature's intent without broadening or restricting the statute beyond its intended scope. *Sneed v. City of Red Bank, Tenn.*, 459 S.W.3d 17, 22 (Tenn. 2014). "We always begin with the words the General Assembly has used." *Id.* "[W]e must first attempt to

trust, contract lien or security instrument, is not included in such definition unless the person has a separate interest in the parcel[.]

Tenn. Code Ann. § 67-5-2502(c)(1)(B).

discern legislative intent purely from 'the natural and ordinary meaning of the language used, without forced or subtle construction that would limit or extend the meaning of the language.'" *Griffin v. Campbell Clinic, P.A.*, 439 S.W.3d 899, 903 (Tenn. 2014) (quoting *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 16 (Tenn. 1997)). "The text of the statute is of primary importance[.]" *Mills v. Fulmarque, Inc.*, 360 S.W.3d 362, 368 (Tenn. 2012). "We presume that every word in a statute has meaning and purpose and that each word's meaning should be given full effect as long as doing so does not frustrate the General Assembly's obvious intention." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015). "When the language of the statute is clear and unambiguous, courts look no farther to ascertain its meaning." *Mills*, 360 S.W.3d at 368. We are compelled to simply apply the plain meaning in its normal and accepted use. *Griffin*, 439 S.W.3d at 903.

"When necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme." *Mills*, 360 S.W.3d at 368. However, these sources "cannot provide a basis for departing from clear codified statutory provisions." *Id.*

We must also bear in mind that the right of redemption is statutory, as the United States Supreme Court recognized a century ago while considering a Tennessee tax sale case:

> While it may be admitted that a statutory right of redemption is to be favorably regarded, it is nevertheless true that it is a statutory right exclusively, and can only be claimed in the cases and under the circumstances prescribed. Courts cannot extend the time, or make any exceptions not made in the statute. Redemption cannot be had in equity, except as it may be permitted by statute, and then only under such conditions as it may attach.

*Keely v. Sanders*, 99 U.S. 441, 445-46 (1878).

At the time of the tax sale and proceedings below,[2] the redemption statute provided that "a right to redeem shall vest in all interested persons" upon entry of an order confirming the tax sale of the parcel. Tenn. Code Ann. § 67-5-2701(a). An

---

[2] "A tax sale must be tested by the tax law in existence at the time of the sale[.]" *Sheafer v. Mitchell*, 71 S.W. 86, 94 (Tenn. 1902).

4

"interested person" means a person who owns an interest in a parcel. Tenn. Code Ann. § 67-5-2502(c)(1)(B). The redemption statute further provides,

> (3) As used in this section:
>
> . . . .
>
> (C) "Person entitled to redeem" means, with respect to a parcel, any interested person, as defined in this chapter, as of the date of the sale and the date the motion to redeem is filed;
>
> . . . .
>
> (b)(1) In order to redeem a parcel, the person entitled to redeem shall file a motion to such effect in the proceedings in which the parcel was sold.

Tenn. Code Ann. § 67-5-2701(a)(3)(C), (b). "Giving every word in this section its full effect and plain meaning," *Ellithorpe*, 479 S.W.3d at 827, we conclude that a person entitled to redeem must be an interested person owning an interest in the parcel "as of the date of the sale *and* the date the motion to redeem is filed." Tenn. Code Ann. § 67-5-2701(a)(3)(C) (emphasis added). In other words, the person must have owned an interest in the parcel as of both dates, as the chancellor held.

On appeal, Mr. Hyde notes that the redemption statute was substantially amended and rewritten in recent years. He claims that, under the previous version of the statute, Tennessee courts held that the right of redemption is freely transferable by the delinquent taxpayer to third parties. Mr. Hyde suggests that the legislature had no intention of altering that practice when it amended and rewrote the redemption statute. He claims that the current version of the statute uses "somewhat awkward and imprecise language" to define a person entitled to redeem. However, according to Mr. Hyde, the statutory definition could reasonably be construed to include interested persons as of the date of the tax sale and also interested persons as of the date the motion to redeem, even if the person did not own an interest on both dates. Also, Mr. Hyde claims that a 2017 amendment to the redemption statute (not in effect at the time of the tax sale or the proceedings below) suggests that the right of redemption is still freely transferable and that the legislature "did not understand its prior revisions to effectuate such a radical change in the alienability of the equity of redemption."

We do not deem it necessary or appropriate to delve into these sources cited by Mr. Hyde on appeal because we find the statutory language clear and unambiguous. "Judicial construction of a statute will more likely hew to the General Assembly's

5

expressed intent if the court approaches the statutory text believing that the General Assembly chose its words deliberately, and that the General Assembly meant what it said." *State ex rel. Comm'r of Transp. v. Med. Bird Black Bear White Eagle*, 63 S.W.3d 734, 754 (Tenn. Ct. App. 2001) (citations omitted). According to the Tennessee Supreme Court, "when the statutory language is unclear, we may consider, among other things, the broader statutory scheme, the history and purpose of the legislation, public policy, historical facts preceding or contemporaneous with the enactment of the statute, earlier versions of the statute, the caption of the act, and the legislative history of the statute." *Pickard*, 424 S.W.3d at 518. But, "'[w]hen statutory language is clear and unambiguous, we must apply its plain meaning in its normal and accepted use, without a forced interpretation that would extend the meaning of the language[,] and . . . enforce the language without reference to the broader statutory intent, legislative history, or other sources.'" *Nelson v. Myres*, No. M2015-01857-SC-R11-CV, --- S.W.3d ---, 2018 WL 1151012, at *2 (Tenn. Mar. 5, 2018) (quoting *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009)). "'[W]here a statute is plain and explicit in its meaning, and its enactment within the legislative competency, the duty of the courts is simple and obvious, namely, to say *sic lex scripta* ['so is the law written'], and obey it." *Knox Cty. ex rel. Envtl. Termite & Pest Control, Inc. v. Arrow Exterminators, Inc.*, 350 S.W.3d 511, 524 (Tenn. 2011) (quoting *Green v. Green*, 293 S.W.3d 493, 508 (Tenn. 2009)).

A "strained" construction may not be placed on the statutory language to find ambiguity where none exists. *City of Gatlinburg v. Kaplow*, No. E2013-01941-COA-R3-CV, 2014 WL 2194517, at *7 (Tenn. Ct. App. May 27, 2014). Mr. Hyde's interpretation is a strained construction at best. The statute simply does not say that a person entitled to redeem means any interested person as of the date of the sale *or* the date the motion to redeem is filed. It says, "'Person entitled to redeem' means, with respect to a parcel, any interested person, as defined in this chapter, as of the date of the sale and the date the motion to redeem is filed." Tenn. Code Ann. § 67-5-2701(a)(3)(C). This language can only reasonably be interpreted in one way. To replace "and" with "or" would require that we ignore the ordinary and natural meaning of these terms. *See Wal-Mart Stores E., L.P. v. N. Edgefield Organized Neighbors, Inc.*, No. M2013-01351-COA-R3-CV, 2013 WL 6706769, at *4 (Tenn. Ct. App. Dec. 17, 2013) (declining to find "or" and "and" interchangeable where the context did not suggest such an intention).

We agree with the trial court's conclusion that the plain language within the four corners of the redemption statute is clear. A person entitled to redeem must be an interested person as of the date of the sale and the date the motion to redeem is filed.[3]

---

[3]We note a case from the Eastern Section of this Court reaching the opposite conclusion. *See City of Chattanooga v. Tax Year 2011 City Delinquent Real Estate Taxpayers*, No. E2016-00025-COA-R3-CV,

## IV. CONCLUSION

For the aforementioned reasons, the decision of the chancery court is hereby affirmed and remanded for further proceedings. Costs of this appeal are taxed to the appellant, Thomas Hyde, for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE

2017 WL 541535, at *1 (Tenn. Ct. App. Feb. 10, 2017). The Court held that a couple who purchased a homeowner's interest in property after a tax sale was entitled to redeem the property under the same definition we consider here. The Court acknowledged that "a 'person entitled to redeem property' includes 'any interested person . . . as of the date of the sale and the date the motion to redeem is filed.'" *Id.* at *2 (quoting Tenn. Code Ann. § 67-5-2701(a)(3)(C)). The Court found that the original owner was an interested person as of the date of the sale but "lost this status" by the time the motion to redeem was filed. *Id.* at *3. Still, the Court found that the post-tax sale purchasers were persons entitled to redeem. Citing Tennessee cases predating the current version of the redemption statute, the Court concluded that a debtor has an absolute right to sell and dispose of the statutory right of redemption. So, the Court held that the original owner's conveyance was effective to transfer the right of redemption to the purchaser. We respectfully disagree with the reasoning in that case given that the Court relied on caselaw that predated the current statutory definition of a person entitled to redeem property. *See* Tenn. Code Ann. § 67-5-2701 (2013) ("For purposes of this part, 'person entitled to redeem property' includes any person who owns a legal or equitable interest in the property sold at the tax sale and creditors of the taxpayer having a lien on the property."); *State v. Delinquent Taxpayers*, No. M2002-00718-COA-R3-CV, 2003 WL 21171858, at *1 (Tenn. Ct. App. May 20, 2003) (analyzing this previous language).