IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 13, 2022 Session

## STATE OF TENNESSEE v. DELINQUENT TAXPAYERS OF BENTON COUNTY TENNESSEE

**Appeal from the Chancery Court for Benton County**
**No. 3575      Vicki Hodge Hoover, Chancellor**
_____

### No. W2021-01050-COA-R3-CV
_____

After a delinquent tax sale of land owned by a limited liability corporation, the managing member filed a motion to redeem the property pro se, signing only his own name. The trial court deemed admitted requests for admission propounded on purported redeemer individually after only the entity responded. Relying in part on the admissions, the trial court granted the tax sale purchaser's motion to strike the attempt at redemption for lack of standing. Discerning no reversible error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded**

J. STEVEN STAFFORD, P. J., W.S., delivered the opinion of the court, in which W. NEAL MCBRAYER and ARNOLD B. GOLDIN, JJ., joined.

Charles L. Hicks, Camden, Tennessee, for the appellant, Tennessee Properties, LLC and Marty McInnis.

George Robert Whitfield, Paris, Tennessee, for the appellee, Misty Nesbitt.

## OPINION

### I. FACTS AND PROCEDURAL HISTORY

The central issue of this case involves the capacity in which documents were filed and thus, the identities of the actual parties. We have therefore strived, in the recitation of the history of this case, to be especially clear about both the content and the form of the pleadings, which will inform our later discussion of the merits of this appeal.

On March 12, 2018, the Benton County Chancery Court ("the trial court") entered an order for the sale of certain property after a series of default judgments for delinquent taxes were not satisfied. An identical order of sale was entered by the trial court on August 27, 2019. A report of sale was then entered on December 2, 2019, listing the final bidder and bid amount for each parcel sold. The report included the final bids by Misty Nesbitt ("Purchaser") on two parcels owned prior to the sale by Tennessee Properties, LLC ("Tennessee Properties" or "the LLC"). The report was then confirmed by the trial court's order of December 3, 2019, divesting the rights, title, and interest of the prior owners of the property and vesting the same in the respective purchasers of each parcel.

On November 30, 2020, a form motion to redeem was filed. The motion listed the property owner at the time of the sale as "Tennessee Property LLC/Marty McInnis," indicated that the signer was "the taxpayer and/or the owner of a legal interest in said property[,]" and was signed "Marty McInnis[.]" A notice of the motion to redeem was mailed to Purchaser on December 4, 2020. Purchaser filed her response to the motion to redeem on December 29, 2020, alleging that Mr. McInnis lacked standing to redeem the parcels and requesting attorney's fees for responding to the motion. Purchaser also filed a notice of forwarding discovery requests, including interrogatories, requests for production, and requests for admission, to Mr. McInnis on December 29, 2020.

A reply to Purchaser's response to the motion to redeem was filed on January 21, 2021, by "Marty McInnis, as owner of Tennessee Properties, LLC, as manager of Tennessee Properties LLC, and as agent on behalf of Tennessee Properties LLC[.]" Throughout the reply, Tennessee Properties and Mr. McInnis were referred to collectively as the redeemer, though primarily singular pronouns were used. It appears that Mr. McInnis retained an attorney by this point, as the reply had a signature line for counsel as well as "Tennessee Properties LLC/Marty McInnis Owner, Agent, Manager of Tennessee Properties LLC[.]"

Purchaser filed a motion to deem admitted the requests for admission and to recover attorney's fees for the failure to admit on February 8, 2021. Because the interrogatories and requests for admission and production had been propounded on Mr. McInnis in his individual capacity and identified him individually as the intended responding party, but "Tennessee Properties, LLC/Marty McInnis, owner, managing member and agent" actually responded, Purchaser argued that the discovery requests were not properly answered.

Concurrently with her motion to deem the discovery requests admitted, Purchaser filed a motion to strike the motion to redeem. Purchaser alleged that Mr. McInnis was not a party to the tax sale lawsuit and the motion to redeem should be stricken or denied for a failure to state a claim upon which relief may be granted.

A response to Purchaser's motion to deem the discovery requests admitted was filed

on February 9, 2021. Therein, "Tennessee Properties LLC and Marty McInnis, as agent of Tennessee Properties LLC, manager of Tennessee Properties, LLC and as owner of Tennessee Properties, LLC" denied that Purchaser was entitled to any relief. The response alleged that "Marty McInnis filed [the motion to redeem] as representative of Tennessee Properties LLC, manager of Tennessee Properties LLC and as owner," and "Marty McInnis responded [to the requests for admission] on behalf of Tennessee Properties LLC/Marty McInnis owner, managing member and agent."

The cause was heard on August 9, 2021. Purchaser called Ms. Hickman, a paralegal who was qualified by the court as an expert abstracter over opposing counsel's objection, to testify regarding the results of her searches of the public record for a connection between Tennessee Properties, Mr. McInnis, and the parcels. Purchaser objected to the introduction of the LLC's operating agreement, as it had been requested during discovery but not provided. Counsel for Tennessee Properties and Mr. McInnis had the agreement included in the record as an offer of proof. After hearing from all parties, the trial court orally granted Purchaser's motion to strike the motion to redeem and found, in the alternative, that Mr. McInnis was not an interested person in relation to the parcels.

In an "omnibus" order entered August 18, 2021, the trial court found that the owner of record prior to the tax sale was Tennessee Properties but the motion to redeem was signed by Mr. McInnis individually without indication that he was acting in any representative capacity for the LLC. The trial court noted that the parties stipulated that Mr. McInnis filed the motion to redeem pro se and that Mr. McInnis is not a licensed attorney. The trial court also found that because Mr. McInnis did not individually respond to the discovery requests propounded on him as an individual, pursuant to Tennessee Rule of Civil Procedure 36.01, he was deemed to have admitted each request for admission, including:

> Admit that you were not an "interested person" with respect to the Parcels as of November 25, 2019 (the date they were sold in the tax sale) or December 2, 2019 (the date the Order Confirming Sale was entered) or November 30, 2020 (the date your Motion to Redeem was filed).

> Admit that you are not licensed to practice law in the State of Tennessee.

> Admit that your Motion to Redeem was filed by you individually (not in a representative capacity).

(Internal footnotes defining terms omitted).

Based on the matters deemed admitted and, alternatively, all the proof presented, the trial court found that Mr. McInnis as an individual was not an interested person within the meaning of the redemption statute. The trial court also found that the motion to redeem had been filed by Mr. McInnis individually, not in a representative capacity for Tennessee

Properties. The testimony by Ms. Hickman that the public records did not indicate Mr. McInnis was an interested person was found to be credible. The trial court also noted that, despite bearing the burden of proof, Mr. McInnis did not provide any evidence establishing his position as an interested person beyond the indication on various public records that he was to receive the tax notices concerning the parcels. Considering all of the above, the trial court held that Mr. McInnis was not an interested person and did not have standing, and that therefore, the motion to redeem should be stricken or alternatively denied. Purchaser was awarded $2,000.00 in reasonable attorney's fees for proving the matters within the requests for admission, or alternatively as sanctions for Mr. McInnis's failure to respond to the discovery requests individually.

On August 24, 2021, "Marty McInnis, as agent, manager and owner of Tennessee Properties, LLC" filed a motion to alter or amend the judgment pursuant to Tennessee Rule of Civil Procedure 60.02. Then on August 27, 2021, a motion for specific findings of fact and conclusions of law pursuant to Rule 52 of the Tennessee Rules of Civil Procedure was filed by "Tennessee Properties, LLC, by Marty McInnis, as agent, manager and part owner of Tennessee Properties, LLC[.]"

On September 7, 2021, the trial court sent counsel for Tennessee Properties and Mr. McInnis and counsel for Purchaser a letter outlining the procedural history, findings of fact, and conclusions of law in the case. The trial court reiterated its findings that "even notwithstanding those Requests for Admission, the Court has determined that Mr. McInnis did not have standing for the reason stated hereinabove, that he lacked standing, both as owner of the property and in not having capacity to represent the LLC as its attorney at law agent." Attorney's fees were awarded to the State of Tennessee as plaintiff and as prevailing party because the trial court found that Mr. McInnis "acted in bad faith or for fraudulent purposes in attempting to redeem the property in his own name and/or purportedly on behalf of the LLC, as owner or as attorney for the LLC."

A notice of appeal of the August 18, 2021 order was filed on September 16, 2021, by "Tennessee Properties, LLC, by Marty McInnis, as agent, manager and part owner of Tennessee Properties, LLC[.]" The trial court then entered an order disposing of the post-judgment motions on November 18, 2021. The order adopted the September 7, 2021 letter ruling as supplementing the findings of fact and conclusions of law in the omnibus order of August 18, 2021 and disposed of the motions under Tennessee Rules of Civil Procedure 60.02 and 52 without granting any additional relief. An amended notice of appeal referencing the November 18 order was filed by "Tennessee Properties, LLC, by Marty McInnis, as agent, manager and part owner of Tennessee Properties, LLC" on December 20, 2021. As such, we will refer to "Tennessee Properties, LLC, by Marty McInnis, as agent, manager and part owner of Tennessee Properties, LLC" as "Appellant" for the remainder of this Opinion.

## II. ISSUES PRESENTED

Appellant raised the following issues on appeal, which are restated from its brief:

1.  Whether the trial court erred in finding that Marty McInnis was not an interested person or otherwise lacked standing to redeem the parcels sold at the delinquent tax sale, such that the motion to redeem was denied.
2.  Whether the trial court erred in deeming admitted Purchaser's requests for admission and awarding Purchaser her attorney's fees in relation to the requests for admission.
3.  Whether the trial court erred in excluding from evidence the operating agreement of Tennessee Properties.
4.  Whether the trial court erred in qualifying Ms. Hickman as an expert witness.

Purchaser raises the following additional issues, again restated from her brief:

1.  Whether Appellant effectively appealed the August 18, 2021 omnibus order or the November 18, 2021 order.
2.  Whether Appellant waived all issues due to failure include appropriate references to the record, citation to authorities, or argument.
3.  Whether this appeal is frivolous under Tennessee Code Annotated section 27-1-122, entitling Purchaser to her reasonable attorney's fees.

### III. STANDARD OF REVIEW

This Court has previously explained our standard of review in the context of a delinquent tax redemption proceeding:

> In actions tried upon the facts without a jury, appellate courts review the trial court's findings de novo upon the record, accompanied by a presumption of the correctness unless the preponderance of the evidence is otherwise. ***Kelly v. Kelly***, 445 S.W.3d 685, 692 (Tenn. 2014) (citing Tenn. R. App. P. 13(d)). Our review of a trial court's determinations on issues of law is de novo, with no presumption of correctness. ***Lind v. Beaman Dodge, Inc.***, 356 S.W.3d 889, 895 (Tenn. 2011).

***State v. Delinquent Taxpayers 2015***, No. W2020-00981-COA-R3-CV, 2021 WL 3046970, at \*1 (Tenn. Ct. App. July 20, 2021), *appeal dismissed* (Oct. 15, 2021).

### IV. ANALYSIS

### A.

We first address Purchaser's argument regarding Appellant's notice of appeal. The

Tennessee Rules of Appellate Procedure require, inter alia, that a notice of appeal "designate the judgment from which relief is sought." Tenn. R. App. P. 3(f). Appellant's first notice of appeal referenced the August 18, 2021 omnibus order. The trial court then disposed of the post-judgment motions by final order of November 18, 2021. Appellant filed an amended notice of appeal on December 16, 2021, identifying only the November 18 order as the basis of the appeal. Purchaser argues that by doing so Appellant effectively abandoned its appeal of the August 18, 2021 order.

It is true that this Court has at times strictly applied Rule 3 and refused to consider on appeal issues resolved in orders other than the one specified in the notice of appeal. *See e.g.*, ***Howse v. Campbell***, No. M1999-01580-COA-R3-CV, 2001 WL 459106 (Tenn. Ct. App. May 2, 2001) (limiting scope of review to only those issues relating to first motion to dismiss when appellant failed to file second notice of appeal after the trial court subsequently granted second motion to dismiss). However, another more recent line of cases focuses on the notice function Rule 3 is meant to serve when considering the scope of review. ***Frogge v. Joseph***, No. M2020-01422-COA-R3-CV, 2022 WL 2197509, *9 (Tenn. Ct. App. June 20, 2022) (determining that earlier notices of appeal "served their purpose of sufficiently informing" the appellees of the appellants' intent to appeal the trial court's final judgment despite a subsequent final order); ***Cox v. Tenn. Farmers Mut. Ins. Co.***, 297 S.W.3d 237, 243 (Tenn. Ct. App. 2009) (rejecting the argument that Rule 3(f) should be narrowly construed); ***Consol. Waste Sys., LLC v. Metro. Gov't of Nashville & Davidson Cnty.***, No. M2002-02582-COA-R3-CV, 2005 WL 1541860, *45 (Tenn. Ct. App. June 30, 2005) (relying on "the clear preference [] for liberality in interpreting a notice of appeal and the scope of appeal" to allow the appellant to "raise any issue resulting from the trial court's final judgment").

This second reading finds support in the Advisory Committee Comment to Rule 3[1] as well as in Rule 13(a).[2] *See **In re NHC–Nashville Fire Litig.***, 293 S.W.3d 547, 560 (Tenn. Ct. App. 2008) ("We accord great deference to the advisory commission comments to the effect that Rule 3(f) is not intended to limit the scope of review so long as the notice

---

[1] The Advisory Committee Comment to Rule 3(f) states in pertinent part:

> The purpose of the notice of appeal is simply to declare in a formal way an intention to appeal. As long as this purpose is met, it is irrelevant that the paper filed is deficient in some other respect. Similarly, the notice of appeal plays no part in defining the scope of appellate review.

[2] Rule 13(a) provides that "[e]xcept as otherwise provided in Rule 3(e), any question of law may be brought up for review and relief by any party." The Advisory Committee Comment to that subdivision "rejects use of the notice of appeal as a review-limiting device[,]" and further explains that:

> Some courts have limited the questions an appellant may urge on review to those affecting the portion of the judgment specified in the notice of appeal. However, since the principal utility of the notice of appeal is simply to indicate a party's intention to take an appeal, this limitation seems undesirable.

of appeal informs the appellee that the appellant intends to seek further review of the trial court's judgment."). A notice of appeal is meant to serve as notice of the appealing party's broader intent to "seek further review of the trial court's judgment." *Frogge*, 2022 WL 2197509 at \*19. It does not define the scope of appellate review. *See* Tenn. R. App. P. 3(f) cmt.; *In re Caleb F.*, No. M2016-01584-COA-R3-JV, 2017 WL 5712992, at \*4 (Tenn. Ct. App. Nov. 28, 2017) ("The notice of appeal is not a review-limiting device." (quotation omitted)); *Ray v. Ray*, No. M2013-01828-COA-R3-CV, 2014 WL 5481122, at \*10 n.9 (Tenn. Ct. App. Oct. 28, 2014) (explaining that the notice of appeal "plays no part in defining the scope of appellate review" and "is not a review-limiting device" so when "any party files a notice of appeal the appellate court may consider the case as a whole" (quotations omitted)).

Here, although the amended notice of appeal only references the November 18 final order, we cannot conclude that Purchaser was not sufficiently notified of Appellant's intent to seek further review of the trial court's judgment. Moreover, the November 18, 2021 order specifically adopts the findings of fact and conclusions of law within the September 7 letter ruling as supplemental and "in addition to" those in the August 18 omnibus order. *See Thompson v. Logan*, No. M2005-02379-COA-R3-CV, 2007 WL 2405130, \*16 (Tenn. Ct. App. Aug. 23, 2007) ("First, of course, an appeal from a final judgment brings up all pre-judgment orders or decisions, and any question of law or fact may be considered. Second, where there is both a final judgment as well as an order on a motion to alter or amend, . . . issues raised in either or both orders may be considered regardless of which may be designated in a timely notice of appeal." (citations omitted)). Thus, we reject Purchaser's argument that our review is limited to the trial court's disposal of Appellant's motion to alter or amend.

### B.

Our discussion turns now to the crux of the issue on appeal, namely whether the attempt to redeem the parcels was done by a party with proper standing. We begin with the redemption statute. Tennessee Code Annotated section 67-5-2701 vests the right to redeem a parcel sold at a tax sale "in all interested persons." An "interested person" is defined as:

> a person, including any governmental entity, that owns an interest in a parcel and includes a person, including any governmental entity, that holds a lien against a parcel or is the assignee of a holder of such a lien. "Interested person" also includes a person or entity named as nominee or agent of the owner of the obligation that is secured by the deed or a deed of trust and that is identifiable from information provided in the deed or a deed of trust, which shall include a mailing address or post office box of the nominee or agent.

Tenn. Code Ann. § 67-5-2502. Redemption is an exclusively statutory right, to be claimed only "in the cases and under the circumstances prescribed[,]" without exception. *Madison*

***Cnty. v. Delinquent Taxpayers for 2012***, 570 S.W.3d 223, 227 (Tenn. Ct. App. 2018) (quoting ***Keely v. Sanders***, 99 U.S. 441, 445–46, 25 L. Ed. 327 (1878)). As such, to have standing to redeem a tax sale parcel, the purported redeemer must fall within this definition of "interested person." There are thus two questions before us: (1) by which party was the motion to redeem filed; and (2) did that party meet the definition of "interested person."

Despite Mr. McInnis's testimony regarding his intent to sign the motion to redeem as a representative of the LLC, and his belief that he had done so, the trial court found that Mr. McInnis filed the motion to redeem in his individual capacity, and that, individually, he was not an "interested person" within the meaning of the redemption statute. It is Appellant's argument that the motion to redeem was filed by Mr. McInnis as manager, agent, and part owner of Tennessee Properties, and that he was an "interested person" in this representative capacity by virtue of his ownership interest in the LLC and his payment of the LLC's tax obligations. Appellant further alleges that Mr. McInnis was authorized to sign the motion to redeem on behalf of Tennessee Properties, because "[u]nder the LLC Act and the Revised LLC Act, managers and members of the LLC are empowered and authorized to execute documents and conveyances of LLC property." ***Collier v. Greenbrier Devs., LLC***, 358 S.W.3d 195, 200 (Tenn. Ct. App. 2009) (citing Tenn. Code Ann. §§ 48-238-101–104, 48-249-401–402).

Purchaser disagrees with the assignment of error to the trial court's findings. She argues that the record shows that Mr. McInnis knew how to indicate when signing a document in a representative capacity, and that by including only his own name and signature, Mr. McInnis filed the motion to redeem in his individual capacity. And, Purchaser argues, Mr. McInnis lacked standing to file the motion individually as he was not an "interested person" under the redemption statute. Moreover, even if Mr. McInnis had attempted to represent Tennessee Properties when filing the motion to redeem, Purchaser correctly asserts that he could not have done so as a non-attorney. *See* Tenn. Sup. Ct. R. 7, § 1.01 (prohibiting the "practice of law" in Tennessee by persons not admitted to the state bar, serving as in-house counsel, or licensed in another jurisdiction and admitted *pro hac vice*); Tenn. Code Ann. § 23-3-101 (defining the "practice of law" as appearing "as an advocate in a representative capacity or the drawing of papers, pleadings or documents . . . in such capacity"); Tenn. Code Ann. § 67-5-2701(b) (describing filing of motion to redeem with court as initiation of redemption proceedings). To be sure, "our Supreme Court has addressed the issue of whether a non-attorney may represent a corporation in court and has held that a non-attorney may not represent a corporation in our Tennessee courts." ***Elm Children's Educ. Tr. v. Wells Fargo Bank, N.A.***, 468 S.W.3d 529, 532 (Tenn. Ct. App. 2014) (citing ***Old Hickory Eng'g & Machine Co. v. Henry***, 937 S.W.2d 782 (Tenn.1996)). The same is true of limited liability companies such as Tennessee Properties. *See* ***Collier***, 358 S.W.3d at 200 ("[A] limited liability company is a form of legal entity that has the attributes of both a corporation and a partnership but is not formally characterized as either one. [A] limited liability company has an existence separate from its members and managers . . . [and] may only appear in court through

counsel.") (internal citations and quotation marks omitted).

However, after reviewing the record, we conclude that this dispute is resolved by consideration of another issue entirely: Purchaser's requests for admission. Pursuant to Tennessee Rule of Civil Procedure 36.01, requests for admission that are not timely and appropriately answered will be deemed admitted. Tenn. R. Civ. P. 36.01 ("The matter is admitted unless . . . the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney[.]"). A request for admission may involve "any matters within the scope of Rule 26.02 set forth in the request that relate to [] facts, the application of law to fact, or opinions about either[.]"[3] *Id.* Any matter so admitted is then considered "conclusively established" for the purposes of the pending action unless the trial court exercises its discretion to permit withdrawal or amendment of the admission. Tenn. R. Civ. P. 36.02; *see also* **Meyer Laminates (SE), Inc. v. Primavera Distrib., Inc.**, 293 S.W.3d 162, 166 (Tenn. Ct. App. 2008) ("[T]he clear language of Tenn. R. Civ. P. 36 provides the trial court discretion to allow withdrawal or amendment of matters deemed admitted because of a party's failure to timely provide answers to a request for admission, including when no response has been provided by a party who has received a request for admission."). Indeed, "[n]o proof is needed to establish a fact that has been admitted, and no evidence should be allowed to refute the admission." **Hutcheson v. Irving Materials, Inc.**, No. M2002-03064-COA-R3-CV, 2004 WL 419722, at *3 (Tenn. Ct. App. Mar. 8, 2004) (citing **Tennessee Dep't of Human Servs. v. Barbee**, 714 S.W.2d 263, 267 (Tenn. 1986)). And unless the trial court allows the admission to be withdrawn or amended, the admittance "concludes the matter and avoids any need for proof at trial." *Id.* Furthermore, a trial court's decision to deem requests for admission admitted, as a pre-trial discovery matter, is within the trial court's sound discretion. **Ruff v. Raleigh Assembly of God Church, Inc.**, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *4 (Tenn. Ct. App. July 14, 2003) (citing **Benton v. Snyder**, 825 S.W.2d 409, 416 (Tenn. 1992)). "As such, these decisions will not be overturned by an appellate court unless the trial court clearly abused its discretion." *Id.* (citing **Benton**, 825 S.W.2d at 416).

Here, Purchaser propounded discovery requests, including requests for admission, on Mr. McInnis individually. The responses to the discovery requests, however, were provided by Appellant. As a sanction for not responding to the discovery requests in his individual capacity, the trial court deemed the requests for admission admitted. Those admissions relevant to the issue of standing include:

> Admit that you were not an 'interested person' with respect to the Parcels as of November 25, 2019 (the date they were sold in the tax sale) or December 2, 2019 (the date the Order Confirming Sale was entered) or November 30, 2020 (the date your Motion to Redeem was filed).

---

[3] Rule 26.02 of the Tennessee Rules of Civil Procedure outlines the scope and limits of discovery.

Admit that your Motion to Redeem was filed by you individually (not in a representative capacity

With these admissions, the questions posed above regarding the redemption statute are answered in favor of Purchaser. Thus, if the trial court properly admitted these admissions, the overarching issue of standing must also be resolved in Purchaser's favor: if Mr. McInnis did not file the motion to redeem in his representative capacity and could not file the motion in his individual capacity, he lacked standing to file the motion at all.

Appellant has attempted to raise whether the trial court erred in deeming admitted the discovery requests as an issue on appeal. Merely posing the question, however, is not all that is required to form an appellate argument. Rather, the issue must also be sufficiently argued within the appellate brief. Tennessee Rule of Appellate Procedure 27 requires appellants to include within their argument section "citations to the authorities and appropriate references to the record." Tenn. R. App. P. 27(a)(1)(A). Rule 6 of the Court of Appeals of Tennessee similarly requires citation to the record.[4]

Failing to meet the requirements of Rule 27 and Rule 6 can prove fatal to an appeal—our supreme court has held that it will not find this Court in error for not reaching the merits of a case where the appellant does not comply with the briefing requirements. ***Bean v. Bean***, 40 S.W.3d 52, 54–55 (Tenn. Ct. App. 2000). Certainly, it is not the function of this court to "research and construct the parties' arguments," and a bare "skeletal argument that is really nothing more than an assertion will not properly preserve a claim[.]" ***Newcomb v. Kohler Co.***, 222 S.W.3d 368 (Tenn. Ct. App. 2006) (citations omitted).

---

[4] Rule 6 states in pertinent part:

(a)  Written argument in regard to each issue on appeal shall contain:
  (1) A statement by the appellant of the alleged erroneous action of the trial court which raises the issue and a statement by the appellee of any action of the trial court which is relied upon to correct the alleged error, with citation to the record where the erroneous or corrective action is recorded.
  (2) A statement showing how such alleged error was seasonably called to the attention of the trial judge with citation to that part of the record where appellant's challenge of the alleged error is recorded.
  (3) A statement reciting wherein appellant was prejudiced by such alleged error, with citations to the record showing where the resultant prejudice is recorded.
  (4) A statement of each determinative fact relied upon with citation to the record where evidence of each such fact may be found.
(b) No complaint of or reliance upon action by the trial court will be considered on appeal unless the argument contains a specific reference to the page or pages of the record where such action is recorded. No assertion of fact will be considered on appeal unless the argument contains a reference to the page or pages of the record where evidence of such fact is recorded.

Tenn. R. App. Ct. 6.

Accordingly, failure by a party to construct an argument regarding his or her position waives that issue. *Id.*; *Bean*, 40 S.W.3d at 55 ("Courts have routinely held that the failure . . . to cite relevant authority in the argument section of the brief . . . constitutes a waiver of the issue.").

With this in mind, Appellant's argument regarding the requests for admissions is waived. For one, the single paragraph of Appellant's argument devoted to the request for admission contains no reference to the appellate record. Even more significantly, Appellant cites no legal authority of any kind for his assertion that the trial court abused its discretion in admitting the admissions. The burden to show an abuse of a trial court's discretion is high, as this standard does not permit an appellate court to substitute its judgment for that of the trial court. *Milan Supply Chain Sols., Inc. v. Navistar, Inc.*, 627 S.W.3d 125 (Tenn. 2021) (citations omitted). Instead, "[a]n abuse of discretion occurs when a trial court 'applies an incorrect legal standard, or reaches a decision which is against logic or reasoning that causes an injustice to the party complaining.'" *Id.* (quoting *Borne v. Celadon Trucking Servs., Inc.*, 532 S.W.3d 274, 294 (Tenn. 2017)). Appellant's conclusory, skeletal, and unsupported argument simply does not meet this bar.

Therefore, we must conclusively presume both that Mr. McInnis filed the motion to redeem in his individual capacity and that he did not individually qualify as an "interested person." Together these admissions establish that Mr. McInnis did not have standing under the redemption statute, thus resolving the central issue of this appeal. In fact, this conclusion resolves Appellant's remaining issues on appeal. With the admissions properly included, the record contains sufficient evidence upon which the trial court could determine Mr. McInnis's lack of standing. Appellant's assignments of error to the trial court's decision to deny the proffered evidence regarding the operating agreement of Tennessee Properties and qualify Ms. Hickman as an expert witness are therefore pretermitted.[5]

## C.

Finally, we address Purchaser's request for damages incurred in responding to a frivolous appeal under Tennessee Code Annotated section 27-1-122, which provides as follows:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include, but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

---

[5] As Purchaser points out in her brief, Appellant's discussion of these issues also failed to meet the briefing requirements of Rule 27 and Rule 6 and so would otherwise be waived.

Tenn. Code Ann. § 27-1-122.

"An appeal is frivolous when it 'has no reasonable chance of success' or is 'so utterly devoid of merit as to justify the imposition of a penalty.'" ***Stokes v. Stokes***, No. M2018-00174-COA-R3-CV, 2019 WL 1077263, at \*10 (Tenn. Ct. App. Mar. 7, 2019) (quoting ***Chiozza v. Chiozza***, 315 S.W.3d 482, 493 (Tenn. Ct. App. 2009)). In that vein, a "a party's failure to point to any evidence or rule of law entitling him or her to relief may be a basis for a court to conclude an appeal is frivolous." ***Id.*** (citing ***Jackson v. Aldridge***, 6 S.W.3d 501, 504 (Tenn. Ct. App. 1999)). An award of appellate attorney's fees is within this Court's sole discretion, though the statute is meant to be applied sparingly "to avoid discouraging legitimate appeals." ***Id.*** (citing ***Chiozza***, 315 S.W.3d at 493).

Here, Appellant included scant reference to authority within its brief. Even looking to the most well-supported aspect of this appeal, Appellant's argument section primarily contains bare conclusions that Mr. McInnis was indeed an "interested person" or otherwise representing Tennessee Properties when filing the motion to redeem, without any reference to caselaw contradicting the trial court's findings or otherwise establishing an entitlement to relief. No real effort was made to dispute the trial court's inclusion of the requests for admission, despite the import those admissions had in determining the outcome of this case. "Any objective review of these factors would cause a reasonable person to conclude that [Appellant's] appeal had 'no reasonable chance of success.'" ***Williams v. Williams***, 286 S.W.3d 290, 298 (Tenn. Ct. App. 2008) (quoting ***Lovelace v. Owens-Illinois, Inc.***, 632 S.W.2d 553, 555 (Tenn. 1982)). It therefore appears that this appeal is frivolous. As a result, we conclude that this is an appropriate case in which to award Purchaser her damages incurred as a result of defending against this frivolous appeal.

## V. CONCLUSION

The judgment of the Chancery Court of Benton County is affirmed, and this cause is remanded to the trial court for a determination of the reasonable costs Appellee Misty Nesbitt incurred in defending against this appeal and all further proceedings necessary and consistent with this Opinion. Because the motion that created the need for this appeal was filed by Mr. McInnis in his individual capacity, the attorney's fees are taxed to Mr. McInnis individually. Costs of this appeal are also taxed to Marty McInnis, individually, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

- 12 -