.IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 17, 2025 Session

## TENNESSEE FARMERS MUTUAL INSURANCE COMPANY, ET AL. v. VIRGINIA JONES

**Appeal from the Circuit Court for Shelby County**
**No. CT-3664-23      Carol J. Chumney, Judge**

_____

**No. W2024-01418-COA-R3-CV**
_____

The defendant was involved in a motor vehicle collision with a tractor-trailer truck in another state. The insurance company that insured both the truck and the trailer filed a lawsuit in the Shelby County circuit court based on negligence. The defendant filed a motion to dismiss for improper venue pursuant to Tennessee Rule of Civil Procedure 12.02(3). The trial court held that the terms of Tennessee Code Annotated section 20-4-101(a) did not provide for venue in Shelby County because the action did not arise there and the defendant did not reside there. The insurance company appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

CARMA DENNIS MCGEE, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY W. ARMSTRONG, J., joined.

John R. "Rick" McCabe, Memphis, Tennessee, for the appellant, Tennessee Farmers Mutual Insurance Company.

Harry W. Lebair, IV, Memphis, Tennessee, for the appellee, Virginia Jones.

## OPINION

### I. Facts & Procedural History

On September 3, 2022, Virginia Jones, a resident of Benton County, Mississippi, was involved in a motor vehicle collision with a tractor-trailer truck in Marshall County, Mississippi. The truck was owned by Mid-South Farmers Cooperative, Inc., and the trailer was owned by Highway View Farms. Both the truck and the trailer were insured by

Tennessee Farmers Mutual Insurance Company ("Tennessee Farmers"). Tennessee Farmers, as subrogee of both companies, filed a lawsuit against Ms. Jones on September 11, 2023, in the Shelby County circuit court. Tennessee Farmers alleged that the accident had been caused by Ms. Jones's negligence. It sought damages to compensate for the damage sustained by the truck and trailer as it had made payments to the insureds for those damages. Ms. Jones was served at her workplace in Collierville, Tennessee, on February 12, 2024.

Subsequently, Ms. Jones filed a motion to dismiss the case for improper venue pursuant to Tennessee Rule of Civil Procedure 12.02(3). Ms. Jones claimed that, because the cause of action did not arise in Shelby County and she was not a Shelby County resident, venue was not proper there pursuant to Tennessee Code Annotated section 20-4-101(a), which provides:

> (a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides.

Tennessee Farmers claimed that venue was proper in Shelby County pursuant to this Court's decision in *Bogatin L. Firm, PLC v. Hallum Motors, Inc.*, which stated, "statutory provisions requiring that transitory actions be brought in the county of the defendant's residence do not apply to actions involving a nonresident defendant." No. W2000-00409-COA-R3-CV, 2000 WL 1847560, at *2 (Tenn. Ct. App. Dec. 15, 2000) (citing 77 Am. Jur. 2d *Venue* § 37 (1997)).[1] The *Bogatin* court went on to state that, in the absence of a statutory provision designating venue in actions brought against non-residents of Tennessee, "venue is proper in the county where the defendant can be found and served with process or in the county where the defendant may enter an appearance." *Id.* (citing *Curtis v. Garrison*, 364 S.W.2d 933 (Tenn. 1963); *Harbison v. Welch*, 258 S.W.2d 755 (Tenn. 1953)). Ms. Jones responded that the *Bogatin* decision "should be accorded no weight[.]" She noted that the case had been decided prior to the legislature's decision to amend the statute to exclude the language which provided that venue was proper where a defendant in a transitory action "is found." Ms. Jones also noted that *Bogatin* is an unreported case and, despite being nearly 24 years old at the time her motion to dismiss was filed, had never been cited or relied upon by an appellate court. Ms. Jones further argued that the case was unpersuasive because it cited to only a section of American Jurisprudence as authority for this statement. The section of American Jurisprudence itself cited only a single Alabama Supreme Court case. *See St. Mary's Oil Engine Co. v. Jackson*

---

[1] American Jurisprudence has since been updated. Section 37 of the Venue chapter no longer contains the cited language. 77 Am. Jur. 2d *Venue* § 37 (2026). However, the provision appears to have been moved, as the current version contains the same statement in section 34 of the Venue chapter rather than section 37. *See* 77 Am. Jur. 2d *Venue* § 34 (2026).

*Ice & Fuel Co.*, 138 So. 834, 839 (Ala. 1931). She also claimed that the statement in *Bogatin* was dictum, as the version of Tennessee Code Annotated section 20-4-101(a) in effect at the time permitted for venue in any place in which a defendant could be found and therefore this holding was not necessary for the resolution of the case. Tenn. Code Ann. § 20-4-101(a) (1994).

A hearing was held on the motion on August 9, 2024. Ms. Jones's counsel again argued that the statement in *Bogatin* was dictum and was not "the law in Tennessee" and further stated it did not appear "that it ever ha[d] been." Counsel explained that the defendant in *Bogatin* had already been served and appeared without disputing venue, and the version of the statute in effect at the time permitted for venue "wherein the defendant [could] be found." Nevertheless, the court "inexplicably went on to state that the venue statute [did not] apply to nonresident defendants," which counsel claimed was not a correct statement of the law. Counsel pointed to the amended version of the statute, which removed the "or is found" language and asserted, "if you can't find the venue in Tennessee, the case doesn't belong in Tennessee." Conversely, counsel for Tennessee Farmers maintained that the statute applied only to Tennessee residents and was intended to prevent situations such as "Memphis plaintiffs [ ] hauling a Knoxville defendant into a Shelby County court over something that happened in Knoxville." Counsel argued that the language contained in the *Bogatin* case was not dictum. The trial court reviewed the statute and noted that the present version does not contain language stating words such as "for a nonresident defendant, this doesn't apply[.]" Accordingly, the trial court announced that it would grant the motion to dismiss. The trial court entered a final order to that effect on August 21, 2024. Tennessee Farmers filed this appeal.[2]

## II. Issues Presented

Tennessee Farmers has presented the following issue on appeal, which we have slightly reframed:

1. Whether the chancery court erred when interpreting the terms of Tennessee Code Annotated section 20-4-101(a).

For the following reasons, the judgment of the trial court is affirmed.[3]

---

[2] After the trial court entered its final order and prior to the filing of this appeal, Tennessee Farmers filed a motion for post-judgment relief pursuant to Tennessee Rule of Civil Procedure 60.02. After this appeal was filed, this Court entered an order requiring Tennessee Farmers to show cause as to why the appeal should not have been dismissed for failure to challenge a final order. It appeared that the motion had never been ruled on and therefore, not all of the claims had been addressed by the trial court. Tennessee Farmers responded that it had "struck" the motion "from the trial court's calendar on September 13, 2024, with the intent of withdrawing the motion." Tennessee Farmer's filed the notice of withdrawal of the motion on January 30, 2025.

[3] The brief of Tennessee Farmers does not contain a designated statement of the issues. However,

## III. Discussion

This appeal concerns a trial court's ruling on a motion to dismiss for improper venue filed pursuant to Tennessee Rule of Civil Procedure 12.02(3). A trial court's decision regarding whether to grant a motion to dismiss for improper venue is a question of law. *Medina-Tratel v. Holloway*, No. M2022-01640-COA-R3-CV, 2024 WL 1479976, at *3 (Tenn. Ct. App. Apr. 5, 2024) (quoting *Lanius v. Nashville Elec. Serv.*, 181 S.W.3d 661, 663 (Tenn. 2005)). "We review questions of law *de novo* without a presumption of correctness." *Id.* (citing *Orrick v. Bestway Trucking, Inc.*, 184 S.W.3d 211, 216 (Tenn. 2006)).

The sole issue on appeal involves the trial court's interpretation of a statute. "Statutory interpretation and the application of a statute to the facts of a case involve questions of law and are reviewed under a *de novo* standard of review with no presumption of correctness afforded to the trial court." *Wallace v. Metro. Gov't of Nashville*, 546 S.W.3d 47, 52 (Tenn. 2018). "When engaging in statutory interpretation, 'well-defined precepts' apply." *State v. Welch*, 595 S.W.3d 615, 621 (Tenn. 2020) (quoting *State v. Frazier*, 558 S.W.3d 145, 152 (Tenn. 2018)). "'The most basic principle of statutory construction is to ascertain and give effect to the legislative intent without unduly restricting or expanding a statute's coverage beyond its intended scope.'" *Id.* (quoting *State v. Howard*, 504 S.W.3d 260, 269 (Tenn. 2016)). Further, Tennessee courts strive to avoid interpretations "that lead[ ] to absurd results." *Id.* (citing *Tennessean v. Metro. Gov't of Nashville*, 485 S.W.3d 857, 872 (Tenn. 2016)). Additionally, Tennessee's "'common law is not displaced by a legislative enactment, except to the extent required by the statute itself.'" *Id.* (quoting *Wlodarz v. State*, 361 S.W.3d 490, 496 (Tenn. 2012), *abrogated on other grounds by*, *Frazier v. State*, 495 S.W.3d 246 (Tenn. 2016)).

Significantly, "[w]here the statute's language is clear and unambiguous, we derive the legislative intent from its plain and ordinary meaning." *State v. Collins*, 166 S.W.3d 721, 726 (Tenn. 2005) (citing *State v. Wilson*, 132 S.W.3d 340, 341 (Tenn. 2004)). Conversely, when a statute is ambiguous, "we must look to the entire statutory scheme in seeking to ascertain legislative intent." *Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995) (citing *Lyons v. Rasar*, 872 S.W.2d 895, 897 (Tenn. 1994)). "A statute is ambiguous when 'the parties derive different interpretations from the statutory language.'" *Welch*, 595 S.W.3d at 622 (quoting *Howard*, 504 S.W.3d at 270). However, "'[t]his proposition does not mean that an ambiguity exists merely because the parties proffer different interpretations of the statute. A party cannot create an ambiguity by presenting a

---

the issue has been presented in a subheading within the argument section of the brief. Pursuant to our Supreme Court's decision in *Trezevant*, we deem the issue preserved for the purposes of this appeal. *Trezevant v. Trezevant*, 696 S.W.3d 527, 531 (Tenn. 2024). However, we caution against failure to follow the Tennessee Rules of Appellate Procedure.

nonsensical or clearly erroneous interpretation of the statute.'" *Wallace*, 546 S.W.3d at 53 (quoting *Powers v. State*, 343 S.W.3d 36, 50 n.20 (Tenn. 2011)). Likewise, "[a] 'strained' construction may not be placed on the statutory language to find ambiguity where none exists." *Madison Cnty. v. Delinq. Taxpayers for 2012*, 570 S.W.3d 223, 228 (Tenn. Ct. App. 2018) (citing *City of Gatlinburg v. Kaplow*, No. E2013-01941-COA-R3-CV, 2014 WL 2194517, at *7 (Tenn. Ct. App. May 27, 2014)).

Tennessee Farmers claims that the trial court misinterpreted Tennessee Code Annotated section 20-4-101(a) by finding it to be applicable to a defendant that is not a Tennessee resident. It supports this argument by pointing to the terms of a different statute, Tennessee Code Annotated section 20-4-104, and its legislative history. Tennessee Farmers further claims that the trial court's interpretation of Tennessee Code Annotated section 20-4-101(a) "produced an absurd result." However, before turning to these sources of statutory construction, we must first assess the language of Tennessee Code Annotated section 20-4-101(a) to determine whether the statute is ambiguous. *Collins*, 166 S.W.3d at 726. We find that it is not.

While not explained in its initial brief, Tennessee Farmers argued at oral argument and in its reply brief that Tennessee Code Annotated section 20-4-101(a) was ambiguous when read in conjunction with Tennessee Code Annotated section 20-4-101(b).[4] We have reproduced these subsections as follows:

(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the individual defendant resides.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then the action shall be brought either in the county where the cause of action arose or in the county of their residence.

Tenn. Code Ann. § 20-4-101(a)-(b).[5] Tennessee Farmers claims that a "reader could reasonably question why the legislature specified 'in the same county in this state' in part (b) if the statute applies to nonresidents." Essentially, Tennessee Farmers claims that because application of subsection (b) is restricted to Tennessee residents, a reasonable reading of the statute could result in the application of subsection (a) also being restricted to Tennessee residents. This reading of the statute is, at best, strained.

There are no words in subsection (b) that indicate the legislature intended to restrict

---

[4] Typically, failure to formulate such an argument in an initial brief would result in waiver. Tenn. R. App. P. 27(a)(7). However, in "the interest of expediting [a] decision upon [this] matter," we will address the arguments Tennessee Farmers has presented. Tenn. R. App. P. 2. *See also Trezevant*, 696 S.W.3d at 530. Again, we caution against such insufficiencies in future briefs.

[5] The parties agree that this is a civil action of a transitory nature.

the application of the entirety of Tennessee Code Annotated section 20-4-101 to Tennessee residents. Rather, its terms merely control a narrow set of circumstances where "the plaintiff and defendant both reside in the same county in this state," and the general rule set forth in subsection (a) controls otherwise. Tenn. Code Ann. § 20-4-101(a)-(b). Likewise, there is no language contained in subsection (a) that restricts its application to only Tennessee residents. Tenn. Code Ann. § 20-4-101(a). Rather, subsection (a) refers to "*all* civil actions of a transitory nature" except for those in which "venue is otherwise expressly provided[.]" *Id.* (emphasis added). The statute does not contain any plain language that would signal to a "'reasonable reader, fully competent in the language'" that its terms were applicable to only Tennessee residents. *See State v. Deberry*, 651 S.W.3d 918, 924 (Tenn. 2022) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 33 (2012)). Rather, the use of the word "all" would indicate to such a reader that every transitory case is subject to the terms of subsection (a), except where superseded by a more specific statute or provision. *See Netherland v. Hunter*, 133 S.W.3d 614, 616 (Tenn. Ct. App. 2003) (quoting *Woodroof v. City of Nashville*, 192 S.W.2d 1013, 1015 (Tenn. 1946)) (explaining that "'a special statute or a special provision of a particular statute controls a general provision in another statute or a general provision in the same statute'"). Accordingly, a reasonable reader would be able to read both subsection (a) and subsection (b) and apply both according to their plain meanings without conflict or contradiction.

The interpretation proffered by Tennessee Farmers would require the limitations imposed through specific language used by the legislature in one subsection of the statute to also be imposed on another subsection of the statute where such language is not included. As a result, Tennessee Farmers proffers a reading of the statute that is strained. *See Madison Cnty.*, 570 S.W.3d at 228 (stating that "[a] 'strained' construction may not be placed on the statutory language to find ambiguity where none exists"). This is not a reasonable construction of the statutory language. The terms of the statute are not ambiguous. Therefore, we will interpret it according to its plain meaning as the trial court did. *See Id.* (quoting *Knox Cty. ex rel. Envtl. Termite & Pest Control, Inc. v. Arrow Exterminators, Inc.*, 350 S.W.3d 511, 524 (Tenn. 2011) ("'[W]here a statute is plain and explicit in its meaning, and its enactment within the legislative competency, the duty of the courts is simple and obvious, namely, to say *sic lex scripta* ['so is the law written'], and obey it.'"))

Notably, Tennessee Farmers also appears to have relied on this Court's ruling in *Bogatin* to support its claim that Tennessee Code Annotated section 20-4-101(a) does not apply to non-Tennessee residents. *Bogatin L. Firm, PLC v. Hallum Motors*, Inc., No. W2000-00409-COA-R3-CV, 2000 WL 1847560, at *2 (Tenn. Ct. App. Dec. 15, 2000).[6]

---

[6] While Tennessee Farmers argued this position in the trial court, it did not support this contention with great ardor in its appellate brief. However, "'[i]t is the duty of this Court to apply the controlling law, for which there is a basis in the record, whether or not cited or relied upon by the parties.'" *Kocher v.*

That case involved a motion to dismiss filed for improper venue pursuant to Tennessee Code Annotated section 20-4-101(a).  *Id.* at *1.  The version of the statute in effect at the time read as follows:

> [i]n all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides *or is found*.

Tenn. Code Ann. § 20-4-101(a) (1994) (emphasis added).  While interpreting the terms of the 1994 version of the statute, the *Bogatin* court stated that "statutory provisions requiring that transitory actions be brought in the county of the defendant's residence do not apply to actions involving a nonresident defendant."  *Bogatin*, 2000 WL 1847560, at *2 (citing 77 Am. Jur. 2d *Venue* § 37 (1997)).  Tennessee Farmers claims that *Bogatin* is controlling law and the legislature did not intend to abrogate it when it amended the statute.  While not explored in depth within the brief, this appears to be an argument predicated on the "prior construction canon" of statutory construction.  As our Supreme Court has explained:

> [u]nder this canon, '[i]f a word or phrase [in a statute] has been authoritatively interpreted by the highest court in a jurisdiction, or has been given a uniform interpretation by inferior courts or the responsible agency, a later version of that act perpetuating the wording is presumed to carry forward that interpretation.'

*In re Markus E.*, 671 S.W.3d 437, 463 (Tenn. 2023) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 322 (2012) (some alterations in original)).  Tennessee Farmers essentially claims that, as *Bogatin* was decided prior to the amendment of the statute and the amended language did not explicitly abrogate it, the holding should have controlled the trial court's application of the statute.  We disagree.

Importantly, this canon of construction only applies where a statute has been "authoritatively interpreted by the highest court in a jurisdiction, or has been given a uniform interpretation by inferior courts."  *Id.*  *Bogatin* was not decided by our state's Supreme Court.  *Bogatin*, 2000 WL 1847560, at *1.  Nor has it been cited in an opinion of this Court since it was decided more than 25 years ago.  Additionally, the case is unreported and therefore does not present binding authority.  *See* Tenn. R. Sup. Ct. 4(G).  Likewise, this case cites no Tennessee law to support its holding but instead, relies only on a volume of American Jurisprudence, which is not binding authority. *Bogatin*, 2000 WL 1847560, at *2.  Notably, the section of American Jurisprudence at issue cites only to an Alabama Supreme Court decision that has never been cited by a Tennessee Court.  *See St. Mary's*

---

*Bearden*, 546 S.W.3d 78, 85 n.8 (Tenn. Ct. App. 2017) (quoting *Coffee v. Peterbilt of Nashville, Inc.*, 795 S.W.2d 656, 658 n.1 (Tenn. 1990)).  Accordingly, we will proceed with an analysis of *Bogatin's* application to the present circumstances to determine whether it is such controlling law.

*Oil Engine Co. v. Jackson Ice & Fuel Co.*, 138 So. 834, 839 (Ala. 1931). Additionally, the present version of the statute was adopted in 2011 and excludes the phrase "or is found." Tenn. Code Ann. § 20-4-101(a). Accordingly, the amended version limited the application of the statute to provide for venue only where an action is brought in the county in which it arose or the county in which the defendant resides. Tenn. Code Ann. § 20-4-101(a) (2011). The removal of the language "or is found" from Tennessee Code Annotated section 20-4-101(a) narrowed the venue options available to plaintiffs subject to the terms of this statute.

Therefore, because the *Bogatin* court's interpretation was neither a decision made by our Supreme Court, nor uniformly enforced by panels of this court, is merely persuasive authority. Further, it was decided under a previous version of the statute. Therefore, we hold that it does not control the application of the present version of the statute. Notably, Tennessee Farmers submits several additional arguments regarding the interpretation of the statute. These pertain to the language of Tennessee Code Annotated section 20-4-104, the legislative history of that statute, and the "absurd result" it claims will follow the adoption of the trial court's interpretation. However, because the statute is unambiguous, it is neither "necessary [n]or appropriate to delve into these sources[.]" *Madison Cnty.*, 570 S.W.3d at 227. Accordingly, because Tennessee Code Annotated section 20-4-101(a) is not ambiguous and the trial court applied its plain meaning, we discern no error in its application. The statute provides for venue in transitory actions where the cause of action arose or the defendant resides. *Id.* The cause of action did not arise in Shelby County and Ms. Jones does not reside there. Therefore, venue was not appropriate in Shelby County. Accordingly, we affirm.

## IV. Conclusion

For the foregoing reasons, the ruling of the circuit court is affirmed. Costs of this appeal are taxed to the appellant, Tennessee Farmers Mutual Insurance Company, for which execution may issue if necessary.

s/ Carma Dennis McGee
CARMA DENNIS MCGEE, JUDGE

- 8 -